TORRES, DEMANDANTE Y APELANTE, *v.* PONS, DEMANDADO
Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en
pleito sobre reivindicación y cobro de frutos.

No. 1423.—Resuelto en julio 27, 1916.

TÍTULOS—FALTA DE INSCRIPCIÓN EN EL REGISTRO—LEY HIPOTECARIA.—Cuando
el título del demandado no está inscrito en el registro de la propiedad no
existe cuestión alguna que tenga relación con la Ley Hipotecaria.

REIVINDICACIÓN—VENTA POR PERSONA DISTINTA DEL DUEÑO—DOCUMENTO PRI-
VADO—ESCRITURA PÚBLICA.—Cuando en una acción reivindicatoria para reco-
brar una casa que está poseyendo el demandado y para que le rinda cuenta
de los alquileres desde que la posee resulta de la prueba que la persona
de quienes obtuvieron sus títulos el demandado y sus antecesores, aun cuando
por escritura pública no era dueña del inmueble vendido, no podía trans-
mitir la propiedad de él, y por tanto el documento privado en que funda
el demandante su derecho de propiedad sobre el inmueble, surte efecto desde
que se otorgó y no desde que fué presentado como prueba en juicio, no
teniendo aplicación al caso el artículo 1195 del Código Civil.

ESCRITURA PÚBLICA—DOCUMENTO PRIVADO—PRESUNCIÓN DE AUTENTICIDAD.—La
escritura pública no tiene otra ventaja sobre el documento privado que la
presunción de ser auténtica, que se otorgó el contrato que en ella se consigna

y en la fecha que expresa, pero no confiere el dominio a quien no adquiere del dueño.

DOCUMENTO PRIVADO—FECHA DEL DOCUMENTO—OTROS ELEMENTOS DE PRUEBA—TERCERO.—El artículo 1195 del Código Civil es de estricta aplicación cuando no hay más prueba de un acto o contrato que el documento privado pero no se opone a que unido a otros elementos de prueba se estime probado en perjuicio de terceros el acto o contrato a que se refiere.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Eduardo Flores Colón.*

El apelado no compareció.

El JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-bunal.

Eduviges Torres estableció acción reivindicatoria para re-cobrar una casa que está poseyendo el demandado y para que le rinda cuenta de los alquileres desde que la posee, y dictada sentencia en contra de sus pretensiones por la Corte de Distrito de Ponce conociendo en grado de apelación, esta-bleció el presente recurso en el que no ha comparecido el apelado.

Para justificar la demandante la acción que ejercita pre-sentó en el juicio prueba documental y testifical, consistiendo aquélla en un documento privado según el cual en 31 de marzo de 1910 Silvestre Verges como dueño de la casa en cuestión por haberla construído en el año 1908 la vende a Carlos Espi-net por precio recibido; documento en el que con fecha 10 de junio de 1910 hace constar Carlos Espinet que pasa en venta la casa a Eduviges Torres también por precio recibido. También presentó la demandante otro documento en el que en 18 de noviembre de 1911 hace constar América Capó haber recibido de Eduviges Torres el pago del alquiler del solar donde tiene su casa en la calle del Jobo de Ponce. Ambos documentos fueron admitidos para darle el valor que tengan.

En cuanto a la prueba testifical la demandante declaró que en 1910 compró la casa a Carlos Espinet estando enton-ces situada en terrenos del municipio y que posteriormente la trasladó a la calle del Jobo en el barrio de Nuevo París, añadiéndole entonces algunos departamentos; que la vivió

hasta septiembre de 1911 en que se ausentó para San Juan dejándola al cuidado de su hijo Bartolo Torres, la mitad con sus muebles y la otra mitad alquilada a Joaquín Girón; que al regresar de San Juan en 1914 con motivo de la enfermedad y muerte de su dicho hijo, se encontró con que la poseía el demandado; que su hijo le enviaba a San Juan cuatro dólares mensuales por el alquiler y que no ha vendido su casa ni autorizó a su hijo para venderla.

Carlos Espinet declaró ser cierto el documento privado de venta presentado y que en la fecha que en él se expresa vendió la casa a la demandante a la que también ha vendido pinturas y maderas para esa casa.

Joaquín Girón alquiló media casa a la demandante, estando la otra mitad ocupada con muebles de ella; la vivió seis meses y pagaba el arrendamiento a Bartolo Torres como encargado por ella para cobrarlos, quien le entregaba los recibos a nombre de su madre y que la casa era vieja pero tenía composiciones nuevas.

Elías Rengel es carpintero y declaró que trasladó la casa desde los terrenos del municipio al barrio Nuevo París, haciendo el contrato con Bartolo Torres estando presente la madre.

Salvador Más fué alquilado por Eduviges Torres para hacer un trabajo de carpintería en una casa de ella situada en Nuevo París y le agregó algunas departamentos: vivió al lado de esa casa y siempre la conoció como dueña de ella y como vecina.

La prueba de la parte demandada consistió en los testimonios notariales de los contratos de compraventa, todos en escrituras públicas, por los cuales Bartolo Torres vendió dicha casa en 1912 como construída por él a Ramón Flores, éste a José Alvarado de quien la hubo luego Julio C. Conesa el que a su vez la vendió al demandado Pons en 8 de agosto de 1914.

Con tales pruebas la corte inferior declaró sin lugar la demanda fundándose en que la prueba principal del título

de la demandante consiste en un documento privado que tiene fecha escrita de junio 18 de 1910, pero que sólo fué presentado por primera vez en 17 de abril de 1915 en la Corte Municipal de Ponce con motivo de la primera vista del caso, que no fué reconocido antes ante ningún notario, ni había estado archivado en ninguna oficina pública antes de esa fecha y que habiendo presentado el demandado como título una escritura de 8 de agosto de 1914 y las otras escrituras que se han mencionado, de acuerdo con el artículo 1195 del Código Civil y el caso de *Córdova* v. *Surís,* 19 D. P. R. 1180 no puede contar la fecha del documento privado con respecto al demandado a quien considera tercero sino desde dicha fecha en la cual tenía ya el demandado como título una escritura pública que lleva fecha auténtica.

El título del demandado no está inscrito en el registro de la propiedad y por consiguiente no existe cuestión alguna en este pleito que tenga relación con la Ley Hipotecaria.

Como de la prueba resulta que Bartolo Torres no era dueño de la casa que es objeto de este pleito, es claro que no transmitió la propiedad de ella a las personas que traen título de él porque nadie puede dar lo que no tiene, por lo que el documento privado de la demandante surte efecto desde que se otorgó y no desde que fué presentado como prueba en el juicio, no teniendo aplicación en este caso el artículo 1195 del Código Civil dispositivo de que la fecha de un documento privado se contará respecto a terceros desde el día en que se ha incorporado o inscrito en un registro público, desde la muerte de cualquiera de los que lo firmaron, o desde el día en que se entregue a un funcionario público por razón de su oficio. El hecho de que el demandado y sus antecesores en derecho compraran por documento público no les da el dominio no teniéndolo Bartolo Torres de donde se derivan sus adquisiciones porque la escritura pública no tiene otra ventaja sobre el documento privado que la presunción de ser auténtico, que se otorgó el contrato que en él se consigna y en la fecha que expresa, pero no confiere el dominio

a quien no adquiere del dueño. El caso de *Córdova* v. *Surís, supra,* tampoco tiene aplicación porque allí las partes que se creían con derecho a la cosa adquirieron de los que componían la sociedad conyugal que era la dueña, y, por tanto, sus títulos procedían del mismo tronco.

Además, de acuerdo con la doctrina del caso de *Longpré* v. *Wolff,* 23 D. P. R. 27, el artículo 1195 es de estricta aplicación cuando no hay más prueba de un acto o contrato que el documento privado, pero no se opone a que unido a otros elementos de prueba, como en este caso, se estime probado en perjuicio de tercero el acto o contrato a que refiere el documento privado, doctrina que se halla robustecida además de las sentencias que cita con la de 9 de julio de 1904 del Tribunal Supremo de España.

Pero aunque fuera de aplicación dicho artículo 1195 y la fecha del documento privado debiera contarse desde que se presentó en juicio, siempre resultaría que la demandante probó que en tal fecha era dueña de la casa y que el demandado no tenía la propiedad de la misma toda vez que como hemos dicho, probó que su título dimana de una persona que no era dueña de lo que vendió.

En consecuencia la sentencia apelada debe ser revocada y dictarse otra declarando que la demandante es dueña de la casa que reclama y que el demandado la deje a su libre disposición y le pague por sus frutos a razón de cuatro dólares por mes a partir del 8 de agosto de 1914 desde cuya fecha la posee, sin especial condena de costas.

*Revocada la sentencia apelada y dictada otra declarando con lugar la demanda sin especial condenación de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.