MATTEI, DEMANDANTE Y APELANTE, *v.* DÍAZ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre tercería de dominio e *injunction.*

No. 1534.—Resuelto en junio 4, 1917.

TERCERO—PRUEBA—DOCUMENTOS PRIVADOS—OTROS ELEMENTOS DE PRUEBA.—El artículo 1195 del Código Civil es de estricta aplicación cuando no hay más prueba de un acto o contrato que el documento privado, pero ese artículo no se opone a que mediante un documento de aquella clase unido a otros elementos de prueba, se estime probado en perjuicio de tercero, el acto o contrato a que se refiere.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José y Manuel Tous Soto.*

Abogado de los apelados: *Sr. Francisco Parra Capó.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Juan Mattei Rodríguez presentó una demanda de tercería y obtuvo una orden de *injunction* preliminar por la cual se suspendía la venta en ejecución de sentencia de dos casas embargadas como de la propiedad de Francisco Moreno, en una acción en cobro de dinero establecida contra Moreno por Joaquín Díaz.

La prueba presentada fué amplia y no contradicha al objeto de probar que Moreno había obligado primeramente estas casas en unión de otras al pago de un documento o pagaré otorgado a favor de Juan Semidey, cuñado de Mattei, por el importe del precio de venta de cierto lote de tabaco perteneciente a Mattei y vendido a nombre de éste por Semidey a Moreno; que posteriormente, después de seguida una acción por Semidey, Moreno sustituyó esta obligación por la venta con pacto de retro de las dos casas objeto de esta acción

a favor de Mattei hasta tanto el vendedor pagara al comprador dentro de un período de tiempo determinado, el precio de la venta del tabaco, y que al vencimiento del período así fijado, Moreno hizo venta absoluta por escrito a favor de Mattei.

Tanto la venta con pacto de retracto como la venta absoluta que fué otorgada finalmente, eran documentos privados, pero indiscutiblemente auténticos, no habiendo nada que en manera alguna indique que haya habido fraude, simulación o mala fe, siendo otorgado uno de dichos documentos hace varios meses y el otro algunos días antes del embargo.

El tercerista trató también de probar que el primitivo demandante tenía completo conocimiento de la venta, pero Díaz negó este hecho en su declaración y el juez sentenciador, sin considerar en absoluto como parece el hecho de que los documentos en cuestión fueron firmemente corroborados por otras pruebas, resolvió que no se hizo constar de modo suficiente el verdadero conocimiento de la venta por parte de Díaz y dictó sentencia desestimando la demanda de tercería y disolviendo el *injunction*.

La corte sentenciadora se basó al dictar esta sentencia, en el caso de *Córdova et al* v. *Surís et al.*, 19 D. P. R. 1180, y en el artículo 1195 del Código Civil, el cual prescribe lo siguiente:

"Artículo 1195.—La fecha de un documento privado no se contará respecto a terceros, sino desde el día en que hubiese sido incorporado o inscrito en un registro público, desde la muerte de cualquiera de los que lo firmaron, o desde el día en que se entregase a un funcionario público por razón de su oficio."

La conclusión a que llegó la corte de distrito sólo puede ser explicada por la teoría de que la corte sentenciadora no conocía la doctrina establecida en el caso de *Longpré et al* v. *Wolff*, 23 D. P. R. 27, en el cual se estableció la diferencia del caso de Córdova y esta corte dijo:

"Opinamos que el artículo 1195 del Código Civil es de estricta aplicación cuando no hay más prueba de un acto o contrato que el

documento privado, pero ese artículo no se opone a que mediante un documento de aquella clase unido a otros elementos de juicio, se estime probado en perjuicio de tercero el acto o contrato a que se refiere, según sentencia del Tribunal Supremo de España de 18 de febrero de 1898, Jur. Civ. tomo 83, p. 408."

Véase también el caso de *Torres* v. *Pons,* 24 D. P. R. 462.

Debe revocarse la sentencia apelada, declarándose con lugar la demanda de tercería y haciéndose permanente el *injunction.*

> *Revocada la sentencia apelada y declarada con lugar la demanda, haciéndose permanente el* injunction *preliminar expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.