RAMÓN ALONSO, demandante y apelante, *v.* SUCESIÓN DE GA-
BRIEL HERNÁNDEZ, compuesta de GABRIEL HERNÁNDEZ MO-
RALES, CATALINA MORALES, por sí y en representación de
INÉS, URSULA Y JOSÉ LUIS HERNÁNDEZ MORALES, deman-
dada y apelante, y THE NATIONAL CITY BANK OF NEW
YORK, SAN JUAN BRANCH, interventor y apelado.

No. 3502.—*Visto:* Mayo 1, 1925. *Resuelto:* Noviembre 20, 1925.

CORPORACIONES—CAPITAL, ACCIONES Y DIVIDENDOS — TRASPASOS DE ACCIONES—
ACCIONES DADAS EN PRENDA—EVIDENCIA—PRUEBA DE LA AUTENTICIDAD DEL
CONTRATO DE PRENDA.—Aunque el artículo 1195 del Código Civil establece la
norma o requisitos que debe contener un documento privado para que perju-
dique a tercero, su aplicación no excluye otros elementos de evidencia cuando
realmente existen y ·demuestren su autenticidad.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan),
declarando con lugar demanda de intervención, sin costas. *Con-
firmada.*

*José Martínez Dávila* y *V. M. Fernández,* abogados del demandante-
apelante; *Llorens & Arroyo,* abogados de la demandada ape-
lante; *Chas. Hartzell* y *F. Ramírez de Arellano,* abogados del
apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del
tribunal.

En esta apelación se discuten las mismas cuestiones que
han sido resueltas en el día de hoy en el caso No. 3386 de
*Trueba v. Zalduondo,* (pag. 743).

Existe alguna diferencia, sin embargo, que nos obliga a
darle una atención ulterior al asunto.

El caso de *Trueba, supra,* se decidió por las alegaciones
y no por los méritos de la prueba. Allí se declaró que el
razonamiento que sirvió de base a la Corte de Circuito de
Apelaciones, Primer Circuito, en los casos de *Rucabado* v.
*Longpré et al.* y *Aboy* v. *Longpré,* 239 Fed. Rep. 291, tenía
la misma fuerza de igual modo que si se tratara del artículo
1766 del Código Civil Revisado en sus relaciones con la ley
de evidencia.

En este pleito la evidencia consistió en cuatro pagarés
suscritos por el deudor Gabriel Hernández, montantes en

total a $17,500, a favor de The National City Bank of New York, San Juan Branch, y además prueba testifical. En los pagarés se mencionan las acciones que los garantizan, y la expedición de los certificados de las mismas por la corporación emisora, se admite por el demandante.

La prueba testifical tiende a establecer la fecha en que se extendieron los pagarés y que luego fueron renovados con la misma garantía por haber el deudor pagado parte de la deuda. Albert Clark, gerente del Banco interventor, declara además "que esas acciones fueron dadas por Gabriel Hernández al banco en garantía de sus cuentas; que eso se hizo constar en el mismo pagaré; que fuera de lo que consta en el pagaré no se hace constar nada . . . . y que para una prenda o garantía ese es el sistema de los bancos, la posesión de las acciones y los pagarés objeto del préstamo". En su contestación Ramón Alonso no niega en forma categórica la legitimidad de la deuda original y más bien afirma que la misma fué pagada a su vencimiento quedando libres las acciones pignoradas. Se alegó además como defensa que si tal pignoración se hizo por el deudor al banco interventor, no consta la certeza de su fecha en ningún documento auténtico ni el traspaso se consignó en los libros de la corporación "Carmen Centrale". Esta última defensa presenta en verdad un fundamento de más formal importancia. Si ella no puede apoyarse en el artículo 1766 del Código Civil, lo podía tener seguramente en el artículo 1195, tal como fué enmendado por la ley No. 65, aprobada en marzo 7, 1912 (p. 113), y que literalmente dice:

"Art. 1195.—La fecha de un documento privado no se contará respecto de terceros, sino desde el día en que hubiese sido incorporado o inscrito en un registro público, desde la muerte de cualquiera de los que lo firmaron, o desde el día en que se entregase a un funcionario público por razón de su oficio.

"La misma disposición se aplicará respecto al mandante, con relación a los contratos efectuados por mandatarios, en los casos a que

se refieren y salvo las· excepciones que consignan los Artículos 1640 y 1247, en sus últimos respectivos párrafos, de este Código.''

Ya hemos dicho que el legislador ha insistido en mantener en vigor esa regla de evidencia por haber sido decretada de nuevo, por ser iguales sus términos, después de aprobada la ley de evidencia. Caso de *Trueba, supra.* Sin embargo, aunque el artículo 1195 establece la norma o requisitos que debe contener un documento privado para que perjudique a tercero, su aplicación no puede ser tan inflexible que excluya otros elementos de evidencia cuando realmente existen y demuestren su autenticidad. Algunos de los comentaristas españoles al estudiar el artículo 1227 del Código Civil Español, del que es reproducción el artículo 1195, admiten que el ''reconocimiento'' del documento es uno de los medios de prueba para establecer la autenticidad del mismo. Una de las autoridades a que nos referimos habla, sin embargo, con cierta reserva cuando tal reconocimiento tiende a demostrarse por cartas, testigos o en cualquier otra forma, ''pues ni los testigos ni los documentos privados con que se procure la demostración del reconocimiento, tienen un valor tan grande que los constituya en prueba indiscutible de la fecha a que se refieren. Se estará entonces en el caso de apreciar el valor del documento privado reconocido o de las declaraciones testimoniales referentes al particular, y en consecuencia con ello y formando la convicción por el conjunto de todas las pruebas, el juez resolverá lo que proceda en cada caso práctico sobre la fecha del documento.'' Scaevola, vol. 20, p. 314.

En el mismo sentido esta Corte Suprema ya se había pronunciado, dando la verdadera interpretación racional y lógica que podía caber al artículo 1195, pues en el caso de *Mattei* v. *Díaz et al.,* 25 D.P.R. 333, se dice de este modo:

''La conclusión a que llegó la corte de distrito sólo puede ser explicada por la teoría de que la corte sentenciadora no conocía la

doctrina establecida en el caso de Longpré et al. v. Wolf, 23 D.P.R. 27, en el cual se estableció la diferencia del caso de Córdova y esta corte dijo:

" 'Opinamos que el artículo 1195 del Código Civil es de estricta aplicación cuando no hay más prueba de un acto o contrato que el documento privado, pero ese artículo no se opone a que mediante un documento de aquella clase unido a otros elementos de juicio, se estime probado en perjuicio de tercero el acto o contrato a que se refiere, según sentencia del Tribunal Supremo de España de 18 de febrero de 1898, Jur. Civ. tomo 83, p. 408.'

"Véase también el caso de *Torres* v. *Pons,* 24 D.P.R. 462."

Por lo demás, *la prueba en conjunto sostiene la conclusión a que llegó la corte inferior y debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.