Eugenio Pérez, demandante y apelante, *v.* Pedro Vieira y su esposa Blasina Dávila y Guillermo Alvarez Blondet, demandados y apelados.

No. 4759.—*Sometido:* Mayo 10, 1929. *Resuelto:* Junio 27, 1929.

*Aureliano Rivas,* abogado del apelante; *José Martínez Dávila,* abogado de los apelados.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En cumplimiento de una orden de ejecución librada en un pleito seguido por Pedro Vieira y su esposa contra Guillermo Alvarez Blondet, se embargó una casa perteneciente a Eugenio Pérez como de la propiedad del demandado Alvarez. Pérez instituyó entonces el presente procedimiento contra las partes del pleito original, y alegó que había adquirido de Alvarez la propiedad en cuestión unos dos años antes del embargo. La casa aparece descrita en la demanda como enclavada en un solar propio de la Sucesión O'Ferral, y también se alega que Pérez pagaba el arrendamiento del solar y las contribuciones, así como que estuvo en posesión de la referida finca desde la fecha en que la compró.

Alvarez fué declarado en rebeldía. Vieira y su esposa solicitaron y obtuvieron una orden requiriendo a Pérez que les suministrara copia de la escritura o cualquier otra prueba

del alegado traspaso de propiedad. Pérez prontamente presentó copia del aludido documento, que era un contrato privado de compraventa atestiguado por la firma de Isaías O'Ferral.

Vieira y su consorte entonces contestaron, y después de hacer ciertas admisiones y negaciones, alegaron afirmativamente que la finca pertenecía a Blondet y no a Pérez; que Pérez no fué otra cosa que un instrumento de Alvarez Blondet al simular ser dueño de la finca; que el título a que Pérez se atenía, estando como estaba evidenciado por un documento privado, era enteramente nulo contra tercero por no haber sido incorporado en un documento público, según exige el artículo 1195 del Código Civil; y que el traspaso alegado también era nulo, siendo un designio fraudulento por parte de Pérez y Alvarez Blondet para impedir que Vieira y su esposa recobraran lo solicitado.

La prueba aducida por Pérez durante el juicio demostró concluyentemente que el escrito con que se quiere evidenciar el traspaso del título había sido redactado por un notario público y retenido por él como garantía colateral del pago del importe de un pagaré por concepto de dinero prestado por el notario a Pérez, y que éste después de tomar posesión de la finca, había empleado y pagado a un carpintero por hacer ciertas mejoras y reparaciones, e igualmente había empleado y pagado a un pintor. Vieira y su esposa no presentaron prueba alguna, pero insistieron en la letra del artículo 1195 del Código Civil a que hicieron referencia en la contestación, y citaron el caso de *Aguayo* v. *Vázquez*, 33 D.P. R. 913, como única defensa.

Se resolvió y decretó que Pérez era el dueño de la casa, pero sin especial condena de costas. El apela de la setencia únicamente en cuanto implícitamente deniega la súplica de la demanda sobre las costas, desembolsos y honorarios de abogado.

Vieira y su esposa no hicieron investigación alguna antes

de radicar su contestación o de ir a juicio. Cualquier esfuerzo para dilucidar la verdad hubiese revelado el hecho establecido durante el juicio. La interpretación que se trata de dar al artículo 1195 del Código Civil, cuando hay amplia prueba *aliunde* relativa a la fecha de un documento privado, fué repudiada por este tribunal hace más de diez años y por la Corte Suprema de España antes de la ocupación americana. *Mattei* v. *Díaz et al.*, 25 D.P.R. 332; *Torres* v. *Pons*, 24 D.P.R. 462; *Longpré* v. *Wolff*, 23 D.P.R. 15, y 83 Jurisprudencia Civil 408.

Difícilmente podría decirse que los demandados en el presente caso estaban exentos de culpa al someter a Pérez a las molestias y gastos innecesarios acarreados por un juicio sobre los méritos.

*Debe modificarse la sentencia apelada* en el sentido de incluir la concesión de costas, desembolsos y honorarios de abogado, y, así modificada, *se confirma.*