Felipe Segarra Serra, etc., et al., demandantes y recurridos, *v.* Carmen Rivero Vda. de Lloréns Torres, etc., et al., demandados y terceros demandantes-recurrentes; Gabriel de Jesús Lloréns Jiménez, interventor-demandado y tercero demandante-recurrente, Monacillos Investment Corporation et al., terceros demandados-recurridos, Miranda & Eguía, Inc., tercera demandada-recurrida.

Número: R-68-107    Resuelto: 19 de octubre de 1973

*Héctor González Blanes, Luis R. Polo,* abogados de los recurrentes; *P. J. Santiago Lavandero,* abogado de Miranda & Eguía, Inc.; *Francisco Ponsa Feliu, Francisco Ponsa Flores,*

*Wilson F. Colberg* y *Jorge Ramírez de Arellano, Jr.* abogados de Felipe Segarra Sierra.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

(EN RECONSIDERACIÓN)

San Juan, Puerto Rico, a 19 de octubre de 1973

En opinión emitida el 30 de abril de 1970 resolvimos que una anotación preventiva de demanda obtenida por la recurrente no afectaba las enajenaciones de dos solares verificadas entre los recurridos con anterioridad a la anotación aunque dichas enajenaciones no hubiesen sido inscritas. *Segarra* v. *Vda. de Lloréns,* 99 D.P.R. 60 (1970). Se nos ha solicitado la reconsideración de dicha decisión.

La referida anotación preventiva de demanda fue presentada en el Registro de la Propiedad el 7 de febrero de 1966. Las enajenaciones fueron realizadas, la primera por contrato privado ante dos testigos el 13 de agosto de 1960 y la segunda mediante contrato reconocido ante notario el 3 de abril de 1964. Dichas transacciones no habían sido aún elevadas a escrituras públicas a la fecha en que fue presentada la anotación de demanda en el Registro de la Propiedad.

En su moción de reconsideración las recurrentes plantean esencialmente dos cuestiones. En primer término se nos pide la reconsideración en cuanto a nuestra determinación de que no era necesario que las referidas enajenaciones fuesen inscritas para que las mismas prevaleciesen sobre la anotación de demanda. En apoyo a esta contención las recurrentes citan nuestra decisión en el caso de *Fuentes* v. *Sucn. Fuentes,* 94 D.P.R. 588 (1967) así como la opinión de Ramón Faced dada en una conferencia en el Colegio Notarial de Valencia en 1947. Véase: *Dos Conferencias Notables,* XX Revista Crítica de Derecho Inmobiliario (1947), págs. 65, 77.

En segundo término se sostiene en la alternativa que aun cuando no fuese necesaria la inscripción de las referidas

transacciones, la venta de 13 de agosto de 1960, al ser realizada mediante documento privado, no puede atribuírsele fecha cierta, por lo que no puede ser efectiva contra terceros. Art. 1181 del Código Civil, 31 L.P.R.A. sec. 3282.

En torno a la necesidad de inscripción ya resolvimos que la anotación preventiva de demanda no afecta las enajenaciones verificadas con anterioridad a la presentación de la anotación en el Registro, aunque los títulos correspondientes no hayan sido inscritos. Ése es el criterio sostenido por la generalidad de los autores y comentaristas. Véanse Morell, *Comentarios a la Legislación Hipotecaria* (1917), Tomo Tercero, pág. 310; Barrachina, *Derecho Hipotecario*, 1910, Tomo II, pág. 35; Roca Sastre, *Derecho Hipotecario*, Quinta Edición, 1954, Tomo III, págs. 463–472; Martínez Escobar, *Las Inscripciones*, Primera Edición, Tomo Segundo, pág. 167. La opinión de Faced en contrario, aunque muy razonada, no nos mueve a reconsiderar en cuanto a este aspecto.

El caso de *Fuentes* v. *Sucn. Fuentes*, supra, no es de aplicación a la situación ante nos. Allí el recurrente alegaba ser un tercero registral. En el presente caso, por el contrario, no se trata de un tercero registral. Como dijimos en nuestra opinión original y ahora repetimos aquí, ni la sentencia objeto de revisión confiere tal carácter de tercero hipotecario a la recurrida Miranda & Eguía, Inc., ni ésta pretende ampararse bajo tal condición, por lo menos en esta etapa del litigio en que todavía no tiene a su favor un título inscrito.

En cuanto a la segunda cuestión planteada, es correcto que la transacción de 13 de agosto de 1960 fue efectuada mediante documento privado, al que no puede atribuírsele fecha cierta. Veamos a esos efectos lo que dispone, en lo que es pertinente, el Art. 1181 del Código Civil, 31 L.P.R.A. sec. 3282:

"La fecha de un documento privado no se contará respecto de terceros, sino desde el día en que hubiese sido incorporado o inscrito en un registro público, desde la muerte de cualquiera

734

de los que los firmaron, o desde el día en que se entregase a un funcionario público por razón de su oficio. . . ."

■ Sin embargo, desde el caso de *Longpré* v. *Wolff et al.*, 23 D.P.R. 15 (1915) hemos sostenido que la citada disposición es de aplicación sólo cuando no hay más prueba de un acto o contrato que el propio documento privado, pero no excluye el que se consideren otros elementos de prueba tal como los presentes en este caso, los que unidos al documento privado en cuestión puedan reputarse suficientes para probar, en perjuicio de tercero, el acto o contrato a que se refiere el documento privado. Véanse además a esos efectos, *Torres* v. *Pons*, 24 D.P.R. 462 (1961) ; *Mattei* v. *Díaz et al.*, 25 D.P.R. 332 (1917) ; *Alonso* v. *Sucn. Hernández*, 34 D.P.R. 750 (1925) ; *Pérez* v. *Viera et al.*, 39 D.P.R. 816 (1929) ; *López* v. *Llinás & Co., S. en C.*, 42 D.P.R. 51 (1931). Igual interpretación ha sido sostenida por el Tribunal Supremo de España. Véanse Sentencia de 2 de diciembre de 1952, Aranzadi, *Repertorio de Jurisprudencia*, 1952, Tomo XIX, pág. 1707, núm. 2426; Sentencia de 2 de abril de 1956, Aranzadi, *ante*, Tomo XXIII, pág. 1028, núm. 1541.

En el caso ante nos no sólo se presentó el documento privado firmado entre las partes como prueba de que dicha enajenación había ocurrido con anterioridad a la anotación de demanda, sino que además se ofreció como prueba adicional al respecto los cheques cancelados que fueron girados en esa ocasión. Pero mucho más importante aún, es la determinación que hace el juez recurrido en su sentencia enmendada al efecto de que las partes admitieron haber celebrado el primero de los dos contratos mencionados el día 13 de agosto de 1960 conforme aparece del propio documento.

Las circunstancias ya reseñadas son suficientes para concluir que existe certeza sobre la fecha en que se consumó la venta. Tal certeza elimina la posibilidad de fraude.

*Por los motivos expuestos la moción de reconsideración será declarada sin lugar.*

Los Jueces Asociados, Señores Dávila y Cadilla Ginorio, no intervinieron.