Mr. Brackenbridge, *pro quer.*
Messrs. Ross and Young, *pro def.*

———•+•◆•+•———

DORCAS BOYD, surviving executor of JOHN BOYD *against* CATHARINE THOMPSON, GEORGE THOMPSON, ROBERT THOMPSON and ROBERT MAGAW, executors of WILLIAM THOMPSON, deceased.

In a suit by executors against executors, where due notice has been given, a demand in consequence of the plaintiffs as executors selling lands held in partnership between the two testators by agreement, may be given in evidence by way of set-off, alitar where such notice has not been given nor the matter pleaded.

THE plaintiff's declaration consisted of two counts; 1st for 300*l.* had and received for the use of John Boyd. 3d, For other 300*t.* on an *insimul computasset* by the defendants with the plaintiff, in their capacity of executors.

Pleas, *non assumpsit* and payment.

The defendants' counsel offered in evidence an agreement between the testators, Boyd and Thompson, whereby it appeared that four certain tracts of land, were held by them in partnership; and further offered to prove, that the plaintiff after her husband's death, had sold two of the said tracts as surviving executor, and received the consideration moneys thereof, of which one moiety belonged to Thompson's estate; consequently, that she was accountable for the said moiety to Thompson's executors.

The plaintiff's counsel objected to the evidence, and insisted that no notice having been given of a set-off, it could not be ad-

mitted. Unliquidated damages cannot be set off in England. Cowp. 57.

Smith, J. refused taking any part in the decision, as he originally had brought the suit.

Yeates, J. Had this matter been pleaded, or proper notice given of the intended set-off, I should think it might be well given in evidence. The debt claimed and counter demand, respect the representative character of the parties. Our defalcation act of 1715 (1 Dall. Laws 65) has often been said to be more comprehensive than the British statutes of 2 Geo. 2. c. 22, and 8 Geo. 2. c. 24, though it never could have intended, that all kinds of damages under covenants should be set off, and it has been ruled accordingly.

In England, when a debt intended to be set-off, accrues by reason of a penalty in a specialty, it shall be pleaded in bar, and the sum justly and truly due must be shown in such plea by the (6 Vol. Ruff. Stat. 198) 5th sec. of 8 Geo. 2. c. 24. Unliquidated, uncertain damages there cannot be pleaded by way of set off, according to the case cited; (Cowp. 57) but sums in the nature of stipulated damages, for breach of any agreement, may be so pleaded. (2 Term Rep. 32.)

In the present instance, the demand insisted on not having been pleaded, or notice given of the set-off, I am bound by the positive words of the (1 Dall. Laws 263) act of 14th February 1729–30, § 10, and cannot admit the set-off in evidence. Without notice, it would operate as a surprise on the plaintiff, who could not come prepared to contest the demand.

But the substantial justice of this case I think, cannot easily be reached in a trial by jury, where so many complicated demands, both in specie and continental money, are made by both parties: and I would therefore recommend a submission of all matters in variance to a proper reference.

The counsel adopted the court's recommendation, and referees were appointed accordingly, and the jury discharged.

Messrs. Brackenridge and Young, *pro quer.*

Messrs. Ross and Woods, *pro def.*