*253 The opinion of the court was delivered by
Duncan, J.
I cannot consider the question foreclosed of the right of a defendant, who is sued with another, to set off a debt due to himself. The rule that the set off must be such, as the defendants could sue for in their own name, was a very narrow construction of the statutes of set-off. It savours more of technicality than of a liberal construction, and even in England the question is decided by showing in whom the beneficial interest is; and it is expressly so in Pennsylvania, as appears by Robinson v. Beall and others, 3 Yeates, 267, Boyd’s Executor v. Thompson’s Executors, 2 Yeates, 217, and Murray v. Williamson, 3 Binn. 135. At the trial my opinion was, that the indebtedness of the plaintiff to one defendant, was of itself, unless there was some superior equity in a third person, a subject of set-off by that defendant, although he had been sued with others, and might be set off on the trial under our act of assembly, which has been always considered as more comprehensive than the British statutes of 2d Geo. 2, c. 22, and Sth Geo. 2, c. 24. That opinion has not been changed, and is unchangeable; for if the very able arguments of the counsel of the plaintiffs could not change it, it cannot be shaken.
New trial refused,