## Case No. 15,062.

UNITED STATES v. EVANS et al.

[Crabbe, 60.] [1]

District Court, E. D. Pennsylvania.   Dec. 5, 1836.   .

UNITED STATES — PRIORITY OF CLAIM — PARTNERSHIP ASSETS.

It seems that where one of a partnership is indebted to the United States, and an assignment is executed of the joint and several property of the partners, the United States are not entitled to a preference over the joint creditors for the payment of such individual debt out of the assets of the partnership.

Jonah Thompson being indebted to the United States as surety on sundry bonds of Samuel Thompson, given in the years 1825 and 1826, became an insolvent on the 7th May, 1827, and was released by the secretary of the treasury on the 13th December, 1832. See United States v. Thompson [Case No. 16,487]. On the 25th May, 1827, Jonah and George Thompson, then, and for some time before, trading together, executed an assignment of their joint and several property. Certain joint assets came into the hands of the defendants [Joseph R. Evans, William Yardley, and James Nevins], as assignees, and this suit was commenced to test the right of the United States to a preference over the joint creditors for the payment of the individual debt of Jonah Thompson, on the bonds above stated, out of the joint assets of the partnership.

Mr. Gilpin, U. S. Dist. Atty.

This case presents less a question of fact than of law. The affairs of the estate have been properly managed by the defendants; and the question is whether the United States have a right to the assets now in the assignees' hands, in preference to other creditors, under the various laws on that subject. Act Aug. 4, 1790, § 45 (1 Story's Laws, 147 [1 Stat. 169]); Act March 3, 1797, § 5 (1 Story's Laws, 465 [1 Stat. 512]); Act March 2, 1799, § 65 (1 Story's Laws, 630 [1 Stat. 676]).

Samuel and Jonah Thompson became indebted to the United States, the one as principal and the other as surety, on various custom-house bonds, amounting in all to $10,585.43, on which the interest up to the present date amounts to $5,346.11. On the 7th May, 1827, Jonah Thompson became insolvent. On the 25th May, Jonah and George Thompson made a voluntary assignment, for the benefit of their creditors, to William Sansom and others. A partnership then existed between these assignors, and Jonah Thompson also carried on business in his own name. The assignment was of the joint and separate property, to pay the partnership and the personal debts. The assignees, however, refused to accept this assignment, and on the 16th November, 1827, they assigned over the property to the present defendants, on the same trusts. Under this assignment, a large sum of money passed into the defendants' hands. The gross amount received has been $81,678.25, and the claims thereupon which we admit are to be preferred to that of the United States are $70,920.08. This leaves the sum now in controversy at $10,758.17. To this last amount, under the laws which have been cited, we contend that the United States are entitled.

J. M. Read, for defendants.

If the United States are entitled to the money the defendants have received, we make no question as to where it came from, whether from the separate estate of Jonah Thompson, or the joint estate of both assignors. All the proceeds of the real estate of Jonah Thompson have been paid over to the United States, and there is no claim on that account. The personal estate of both assignors, received by the defendants, amounts to $140. And the whole of the sum now in question, with the trifling exception just mentioned, arose from the joint property. The question, then, is whether the United States, on bonds in which Jonah and George Thompson never appeared together, nor George Thompson at all, are to be paid out of the partnership funds of those parties, in preference to partnership creditors. Partnership property is never liable to pay a separate debt until all the joint debts are paid. United States v. Astley [Case No. 14,472]; Tom v. Goodrich, 2 Johns. 213; Rex v. Sanderson, 1 Wightw. 50, 6 Cond. Exch. 443; U. S. v. Hack, 8 Pet. [33 U. S.] 271.

Under an agreement of counsel that leave should be reserved to move to set the judgment aside, on the question of law, HOPKINSON, District Judge, charged the jury as follows:

The balance which is the subject of controversy, to wit, $10,758.17, arose from the sale of partnership property belonging to the firm of George and Jonah Thompson. This partnership is insolvent, and its assets insufficient to pay the joint debts. The question, then, is whether the fund arising from partnership property is to be applied to the debt of Jonah Thompson, one of the partners, in preference to the creditors of the partnership. I am of opinion that the United States are not entitled to this preference, and that your verdict should be for the defendants.

Upon this charge a verdict was given for the defendants, and judgment nisi entered thereon. The United States subsequently paid the costs, and made no motion to set aside the judgment.

---

[1] [Reported by William H. Crabbe, Esq.]