## Case No. 13,526.

### In re STRASSBURGER et al.

[4 Woods, 557.] [1]

Circuit Court, M. D. Alabama. May Term, 1877.

BANKRUPTCY — DEBT DUE THE UNITED STATES — PRIORITIES — PARTNERSHIP.

[1. The United States are not bound by the general equity rule for marshaling assets, nor by the rule prescribed by the bankrupt act in conformity thereto, any further than as that rule is founded, in the particular case, on the lien of the several parties inter sese. Lewis v. U. S., 92 U. S. 618, followed.]

[2. Where the United States have obtained a judgment against persons composing a bankrupt partnership, they are entitled to priority over all partnership creditors, notwithstanding the fact that the judgment debt was originally the debt of one of the partners as principal, and the other was merely his surety.]

Heard upon petition to review a decree of the bankrupt court awarding to the United States priority in the payment of its judgment out of the bankrupt assets.

S. F. Rice and David Clopton, for petitioner.

Chas. E. Mayer, U. S. Atty. and D. S. Troy, contra.

BRADLEY, Circuit Justice. The United States obtained a judgment for $2,858.06 against the two bankrupts [A. & H. Strassburger] and one Warren on the 7th day of December, 1876, between the time of filing the petition against the bankrupts and the decree of bankruptcy made thereon. The judgment was on a distiller's bond, given by Herman Strassburger as principal, and Albert Strassburger and Warren as sureties. The recovery was for internal revenue taxes due, as appears by the judgment record, from Herman Strassburger, on spirits distilled. The United States claims priority of payment over all other creditors out of the partnership assets of the bankrupts, as well as out of the individual assets of their several states.

The bankrupt law (Rev. St. § 5121 [14 Stat. 534]) prescribes a marshaling of assets between partnership and individual creditors. But it has been held in several cases that the bankrupt law is not binding on the United States. U. S. v. Herron, 20 Wall. [87 U. S.] 251; U. S. v. The Rob Roy [Case No. 16,179]. The earlier act of 1797 (Rev. St. § 3466 [1 Stat. 515]) gives to the United States priority over all other creditors in cases of the bankruptcy or insolvency of any person or persons indebted to it, and the bankrupt act recognizes this preference by making debts due to the United States the first in order to be paid out of the bankrupt's estate, after paying the fees, costs and expenses. Rev. St. § 5101 [14 Stat. 530].

When the United States have a claim against one member of a firm, and not against the other, its priority extends only to the interests of that member, which, as between him and his copartners, is only his share of the partnership assets after all the partnership debts are paid. The other partners have a lien on the partnership funds for this purpose; and equity gives the partnership creditors the benefit of this lien when it can do so without violating any principle of law. But where, as between the partner who owes a debt to the United States and his copartners, the latter have no such lien for the payment of the partnership debts, the priority of the United States is not barred. The government is not bound by the general equity rule for marshaling assets, nor by the rule prescribed by the bankrupt act in conformity thereto, any further than as that rule is founded in the particular case on the lien of the several parties inter sese. Lewis v. U. S., 92 U. S., 618.

Now, in the present case, the judgment of the United States is against both partners, Albert and Herman Strassburger, and also Warren; but it appears by the record of that judgment that it is for the individual debt of Herman Strassburger as principal, and that Albert Strassburger and Warren were bound as sureties. Supposing this to be so, then has Albert Strassburger, as copartner of Herman, lost his lien on the partnership assets, for the payment of the partnership debts before the payment of any of Herman's individual debts? I think he has; for the judgment is against him, as well as against Herman, and binds his interest as well as Herman's, and is superior to his partnership lien. An execution against both partners would be leviable on the corpus of the partnership property, and not merely on the interest of the partners after payment of the partnership debts. Nevertheless, equity would, in ordinary cases. I think, marshal the assets having regard to the fact that though Albert has lost his legal lien, yet he is really bound only as surety, and as such surety he has an equity to have the debt satisfied out of Herman's individual property in relief of the partnership estate. But the United States is not subject to such equities. It has a preference given by the law and both partners being its debtors, their joint property as well as their several property is liable to the payment of this indebtedness; and the joint creditors as well as the separate creditors are postponed.

This view renders it unnecessary to examine the question of the admissibility of parol evidence to show that the distilling on which the tax arose was really carried on by the partnership. The claim that the United States ought first to pursue its remedy against the other surety before coming upon the partnership assets of A. & H. Strassburger is not tenable. It has been decided that the government is not limited as to its choice of remedies or funds liable to its debt. Lewis v. U. S., 92 U. S. 618.

I think the proceeding in the case is properly by petition of review, and not by ap-

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

peal. The appeal, therefore, will be dismissed; and the decree of the district court will be affirmed so far as it gives preference to the claim of the United States over other creditors of the partnership, or of the individual members of the firm, but subject to the costs and expenses of the proceedings in bankruptcy. The district court will take order that these costs and expenses be ascertained, if necessary, and that the amount due the government be paid without delay.