Nott, J.,
delivered the opinion of the court:
This case presents two questions.
The first is whether, in an action brought against the United States by a firm consisting of three partners, the United States, as defendants, can set off or plead by way of counter-claim a judgment previously recovered against two of them. The second is whether the United States can bring an action against a man in a district court, and subsequently, while that action is still pending and undetermined, set up the same matter by way of counter-claim against the same party in an action in this court.
As to the first question, it manifestly resolves itself into one of judicial power. In a court of. law such a demand is as distinct from such a judgment debt as if the judgment debtors were distinct persons and strangers to the present action.
In a court of equity the requisite relief probably might be given. Considered simply as a matter of legal right, the law is undoubtedly that which was laid down by Chief Justice Gibson in Archer v. Dunn (2 Watts & Serg., 361):
“Defendants may undoubtedly set off the cross-demand of one of them, and thus, with the assent of all, pay their joint debt with his several property, for, as was held in Stewart v. Coulton (12 Serg. & Rawle, 252), no one can be hurt by it; but *145 there is no instance of a set-off of a debt due by one of several plaintiffs, because that would enable the defendant to pay his debts to the prejudice of the others. The point is too clear for elucidation, and it was, besides, directly decided by this court in Henderson v. Lewis (9 Serg. & Rawle, 379).”
Under the Petitions of Right Act, 1860 (23 and 24 Vict., c. 34), the creditor of the crown is assured of all the remedies of the common law for lands occupied, for goods withheld, for property talien, for contracts broken; and under it he may take defaults, recover costs and interest, and seek relief in courts either of law or equity. (Brown’s Case, 6 C. Cls. R., 171.) When the Act 3d March, 1863 (12 Stat. L., 765), reconstituting this court, was passed, it was supposed that the purpose of Congress in carrying out the obligations of the Constitution was as liberal as the purpose of Parliament in discharging the honorary obligations of the crown. The statute did not designate the jurisdiction as that of either law or equity, and no reason existed for calling the court a court of law more than for calling it a court of equity. Moreover, the statute used the word “ decree ” (section 5), as well as the word “judgment,” and to members of this court there seemed to be no reason why the court should not award an equitable remedy where the due administration of justice required equitable relief. But the Supreme Court held in Alire’s Case (6 Wall., 575) that this court was without equity jurisdiction; and more recently, in Langford’s Oase (101 U. S. R., 341), that the jurisdictional term of the statute, “ any contract expressed or implied,” must be restricted to actions known at common law as ex contractu.
The court has frequently had occasion to deplore its want of power to bring in necessary parties and to aw ard equitable rel ief— sometimes on behalf of the claimants, sometimes on behalf of the defendants, always on behalf of the due administration of justice. In many important cases, such as the Hot Springs Cases (16 Stat. L., 149), the District of Columbia Cases (21 id., 284), Harvey & Livesey’s Oase (19 id., 490), Congress have specially conferred on the court the requisite power; but it has not been conferred by a general act, and cannot be exercised in the present case.
With regard to the second question, it was contended with great ability that a district court of the United States is not a foreign jurisdiction; that the pendency of a prior suit in an *146 other court within the same jurisdiction is good cause of abatement in a subsequent suit, and that the court which first gets jurisdiction keeps it. We agree that this is a sound principle, but are of the opinion that this case does not come within the operation thereof. The distinctive fact here is that the jurisdiction of the two courts is not the same, the district court not being competent to exercise jurisdiction against the United States. It is true that both courts have jurisdiction of the cause of action against the claimants; but in this court the United States have the statutory right not only to prosecute their demand against the claimants, but also to have an account stated and a balance struck, and to have whatever judgment they may recover against the claimants deducted from whatever demand the claimants are able to maintain against them.
We are still of the opinion, as held on the recent motion in this case, that the Attorney-General has the right to determine in which court the United States shall prosecute their cross-demand, and if he determine to prosecute it in this court this court cannot decline jurisdiction. Undoubtedly the claimants should not be vexed twice in the same matter, and when the Attorney-General elects to prosecute in this jurisdiction, it should operate as the defendants’ election to abandon their action in the district court. It is the opinion of the court that the Attorney-General, who controls both actions, should discontinue the action in the district court or suspend all proceedings therein.
Should that case hereafter be proceeded with by the United States, this court will regard it as their abandonment of their counter-claim here, and will either dismiss it or stay proceedings thereon.
The judgment of the court is that the counter-claim of the defendants, filed the 1st April, 1884, setting up a judgment recovered by the defendants against Samuel B. Boehm and Nathaniel Boehm, two of the claimants in this action, be dismissed.
And it is further ordered that the replication of the claimants, filed the 26th December, 1883, be dismissed.