UNITED STATES AND BOWERS, COLLECTOR OF INTERNAL REVENUE, *v.* KAUFMAN, TRUSTEE IN BANKRUPTCY OF FINKELSTEIN, ET AL.

UNITED STATES AND BOWERS, COLLECTOR OF INTERNAL REVENUE, *v.* COXE, RECEIVER OF JONES AND BAKER, BANKRUPTS.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

Nos. 515 and 516. Argued January 13, 1925.—Decided March 2, 1925.

1. A tax assessed under Revenue Act of 1918 upon the income of a partner, is a tax against the individual and not the partnership,

whether or not his income was derived from partnership business. P. 410.

2. In proceedings in bankruptcy against a partnership the partnership assets must first be applied to the payment of the partnership debts, and the United States is not entitled to any priority of payment out of such assets for a tax due it from an individual partner, except to the extent of the share of such partner, if any, in the surplus remaining after the payment of the partnership debts. Bankruptcy Act, §§ 5f, 64 (a); Rev. Stats. §§ 3466, 3186, as amended, considered. P. 411.

298 Fed. 11, affirmed.

CERTIORARI to judgments of the Circuit Court of Appeals affirming orders of the District Court, in bankruptcy, which denied the right of the United States to have the income taxes of individual partners paid out of the assets of their bankrupt firms in preference to the claims of partnership creditors.

*Mr. Merrill E. Otis,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for the United States.

*Mr. J. M. Hartfield,* with whom *Mr. Alfred C. Coxe Jr.* and *Mr. William St. John Tozer* were on the brief, for respondents.

MR. JUSTICE SANFORD delivered the opinion of the Court.

These two cases were heard together in the Circuit Court of Appeals. They involve a single question relating to the extent of the priority of the United States in the collection of taxes in bankruptcy proceedings.

In 1921, on an involuntary petition filed in the Southern District of New York, Finkelstein Brothers, a partnership, and the individual partners thereof, were adjudged bankrupts. In 1923 the Collector of Internal

Revenue filed proof of claim for an income tax assessed against Abraham Finkelstein, one of the partners, for the year 1919. It is stipulated that the income on which this tax was based " was derived from the business of the co- partnership." No individual assets of Finkelstein had come into the hands of the trustee, and the partnership assets were insufficient to yield any surplus after the payment of the partnership debts. The Collector claimed that the tax against Finkelstein should be paid out of the partnership assets prior to the partnership debts. The referee denied this claim, and ordered that the partner- ship assets first be applied to the payment of the part- nership debts. This order was affirmed by the District Judge.

In 1923 an involuntary petition in bankruptcy was filed in the same court against Jones & Baker, a partner- ship. A receiver was appointed, who collected and held the partnership assets. Before an adjudication of bank- ruptcy the partnership offered a composition to its cred- itors at less than the full amount of their claims. This was confirmed by the District Judge. Before the part- nership assets were distributed, the Collector of Internal Revenue filed proofs of claims against the individual part- ners for income taxes assessed against them for the years 1918, 1919 and 1920. It does not appear that the income on which these taxes were based was derived from the business of the partnership. The Collector claimed that these taxes should be paid out of the partnership assets prior to the payments to the partnership creditors. The District Judge denied this claim of priority.

On appeals to the Circuit Court of Appeals both orders of the District Court were affirmed. 298 Fed. 11. Writs of certiorari were granted by this court. 266 U. S. 596.

1. These taxes were assessed against the individual partners and due from them to the United States. They were neither assessed against, nor due from, the partner-

ships. The tax assessed against Finkelstein was none the less an individual tax because the income on which it was based was derived from partnership business. The Revenue Act of 1918, 40 Stat. 1057, c. 18, § 218 (a), under which it was assessed, specifically provided that " individuals carrying on business in partnership shall be liable for income tax only in their individual capacity." The provision, that in computing the income of each partner there should be included his distributive share of the income of the partnership, whether distributed or not, did not change the nature of the tax or make it one against the partnership.

2. The Bankruptcy Act gives the United States no priority of payment out of partnership assets for a tax due from an individual partner. Section 64 (a), which provides that " the court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States . . . in advance of the payment of dividends to creditors," manifestly relates to the payment of the taxes out of the estate of the bankrupt from whom they are " due and owing." Where the bankrupt owing the tax is a member of a partnership, it gives the United States no priority of payment out of the partnership estate.

The Bankruptcy Act clearly recognizes the separate entity of the partnership for the purpose of applying the long-established rule as to the prior claim of partnership debts on partnership assets and of individual debts on individual assets, and " establishes on a firm basis the respective equities of the individual and firm creditors." *Francis v. McNeal,* 228 U. S. 695, 700; *Schall v. Camors,* 251 U. S. 239, 254. Section 5f provides that: " The net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts. Should any sur-

plus remain of the property of any partner after paying his individual debts, such surplus shall be added to the partnership assets and be applied to the payment of partnership debts. Should any surplus of the partnership property remain after paying the partnership debts, such surplus shall be added to the assets of the individual partners in the proportion of their respective interests in the partnership." The intention of Congress that the partnership assets shall be first applied to the satisfaction of the partnership debts, and that only the interests of the partners in the surplus remaining after the payment of partnership debts shall be applied in satisfaction of their individual debts, is plain.

It is urged, however, on the authority of *United States v. Herron,* 20 Wall. 251, 255, and other cases, that as the United States is not named in this section of the Bankruptcy Act it is not bound by the rule for marshalling assets thereby established. But, however this may be, it is clear that, independently of the provisions of this section, the priority of payment of taxes given the United States by § 64(a) extends only to the bankrupt's share in the surplus of the assets of a partnership of which he is a member. This follows from the decision in *United States v. Hack,* 8 Pet. 271, 275, a case arising under the Act of March 2, 1799,[1] providing that if the maker of any bond given to the United States for the payment of duties became insolvent or committed an act of bankruptcy, the debt due the United States on such bond should be first satisfied. The maker of such a bond had become insolvent. He had no individual property, and the assets of an insolvent partnership of which he was a member, were insufficient to pay the partnership creditors. It was held, on these facts, that the United States was not entitled to priority of satisfaction out of the partnership assets, since the Act merely gave it priority of pay-

[1] 3 Laws, U. S. 136, 197; 1 Stat. 627, 676, c. 20, § 65.

ment out of the property of its debtor, and the rule was too well settled to be questioned that his interest in the partnership property was his share in the surplus after the partnership debts were paid, and that such surplus only was liable for his separate debts. , To the same effect is *United States* v. *Evans,* Crabbe, 60, 25 Fed. Cas. 1033, a case arising under the same Act. These decisions are directly applicable to § 3466 of the Revised Statutes—on which the United States relies—which incorporated the provisions of the Act of 1799 and similar Acts of August 4, 1790, and March 3, 1797, in the general provision that whenever any person indebted to the United States is insolvent, the debts due to the United States shall be first satisfied, and that this priority shall extend to cases in which an act of bankruptcy is committed. And in so far as this section, under the rule stated in *Guarantee Co.* v. *Title Guaranty Co.,* 224 U. S. 152, may now be applicable in bankruptcy proceedings, it must be held that any priority of payment to which the United States is entitled for a debt due it from an individual partner, extends only to his share in the surplus of the partnership assets.

There is no conflict between the decisions in these cases and in *Lewis* v. *United States,* 92 U. S. 618, 624, and *In re Strassburger,* 4 Woods 557, 23 Fed. Cas. 224, on which the United States relies. In the *Lewis Case* the members of the firm of Jay Cooke & Co. had been adjudicated bankrupts, and a trustee had been appointed who held their individual assets and those of the firm as well. This firm was not indebted to the United States, but another firm, of which several of the bankrupts were members, was so indebted. On these facts it was held that the bankrupt members of such other firm, as to its indebtedness, stood to the United States in the relation of " individual debtors," and that under the priority given to debts due the United States by § 3466 of the Revised

Statutes, recognized and reaffirmed in § 28 of the Bankruptcy Act of 1867, it was entitled, as a creditor of these individual bankrupts, to priority of payment out of their individual estates. There was, however, no suggestion that the United States as a creditor of these individual bankrupts was entitled to priority of satisfaction out of the partnership assets of Jay Cooke & Co. In the *Strassburger Case,* Mr. Justice Bradley, sitting at circuit, while explicitly recognizing the rule that where one member of a firm is indebted to the United States, its priority extends only to his interest in the surplus of the partnership assets, held that as the United States had a judgment against both members of the firm, it was entitled to priority of payment thereof out of their joint property in preference to their joint creditors. Whether a correct result was reached we need not inquire. And if to any extent the reasoning in this case may be in conflict with that in the *Hack Case,* it cannot be approved.

Nor is the contention of the United States strengthened by the provision in § 3186 of the Revised Statutes, as amended by the Act of March 4, 1913, c. 166, 37 Stat. 1016, that the amount due the United States from any person as a tax shall be a lien on all property and rights to property belonging to such person. To whatever extent this statute may be now applicable in a bankruptcy proceeding, under its very terms the lien includes only the property of the person owing the tax; and in the case of a partner owing an individual tax, it extends only to his interest in the surplus of the partnership property.

It results that in proceedings in bankruptcy against a partnership the partnership assets must be first applied to the payment of the partnership debts, and that the United States is not entitled to any priority of payment out of such assets for a tax due it from an individual partner, except to the extent of the share of such partner, if any, in the surplus remaining after the payment of the partnership debts.

3. The United States also relies, independently of the foregoing matters, upon the decision in *Re Brezin* (D. C.) 297 Fed. 300, 306, in which it was held that as the individual partners, instead of drawing out their distributive shares of the income of the partnership from year to year had left a large portion thereof in the partnership business, the United States had a claim in the nature of an equitable lien for the collection of their individual income taxes which it could follow into the partnership property. Whether or not this case was correctly decided on its peculiar facts, it has no application to either of the present cases, in which no such facts appear.

The decree of the Circuit Court of Appeals is

*Affirmed.*