JENNINGS et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 9383.

Circuit Court of Appeals, Fifth Circuit.

April 11, 1940.

Muckleroy McDonnold, of San Antonio, Tex., for petitioners.

Helen R. Carloss, Sewall Key, and Joseph M. Jones, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Irving M. Tullar, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondents.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

We think the Board of Tax Appeals wrongly refused to allow the petitioners to deduct individual losses in gambling from gambling gains made in partnership, on redetermining their several income taxes for the year 1936. The facts were stipulated. The Board found: "The distributive share of each petitioner of partnership gains from gambling operations exceeded the amount of losses by petitioners in their individual gambling operations." The Revenue Act of 1936, Sect. 23(g), 26 U.S.C.A.Int.Rev.Acts, referring to deductions, provides: "Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions." The Board thought the partnership in making up its return could offset its wagering losses against its wagering gains, and each partner might similarly offset his wagering losses against his wagering gains, but that each partner's share of wagering gains made in the partnership could not be reduced by wagering losses made individually.

We find nothing in the statute to support the last proposition. A partnership is recognized as an entity separate from the partners in bankruptcy proceedings, but not in income taxation. United States v. Coulby, 6 Cir., 258 F. 27. For many years the Revenue Acts have provided that "individuals carrying on business in partnership shall be liable for income tax only in their individual capacity." Revenue Act of 1918, § 218(a), 40 Stat. 1057, 1070, Revenue Act of 1936, § 181, 49 Stats. 1648, 1709, 26 U.S.C.A.Int.Rev.Code, § 181. Thereunder a tax on income earned in partnership was held not a claim against the partnership in bankruptcy, and it went unpaid for lack of individual assets. United States v. Kaufman, 267 U.S. 408, 45 S. Ct. 322, 69 L.Ed. 685. The partnership return is for information, and to secure uniformity and save repetition in the individual returns. It ascertains each partner's gain and apportions it to him to be taxed, whether distributed or not. It does not transform his share in the gain. If "individuals carrying on business in partnership", to use the phrase of the statute, make gains in wagering transactions, the share of each is a wagering gain; and when it is entered on his individual return to be taxed, a deduction of his losses in

other wagering transactions is allowed by the statute, but only to the extent of such gains.

The Board followed especially the decision in Johnston v. Commissioner, 2 Cir., 86 F.2d 732, which held a partner's losses by sale of noncapital assets could not be offset against a similar gain coming from his partnership, one judge dissenting. We are impressed that the dissenting judge was probably right, but that case dealt with a different statutory provision, and it had been amended by Congress, the purpose of the amendment being one of the disputed points. No amendment of the provision before us has been made, and its words seem plain enough.

The cause is remanded with direction to allow the deductions claimed and redetermine the taxes accordingly.

HOLMES, Circuit Judge (dissenting).

The majority opinion holds that petitioners are entitled to offset personal losses from gambling operations against their distributive shares of partnership gains from similar operations. To concur in this ruling, it is necessary to conclude that, while Congress provided for the separate computation of partnership income, it intended that the total so reached would be discarded and the individual items of gain or loss would then be separated and each brought forward into the returns of the respective partners, and there combined with individual income and deductions to arrive at the partners' net taxable income. The legislative intent, it seems to me, was just the opposite.

A defendant, in a suit against him for a debt due by him alone, may not offset a debt due to him and another, because the parties are different and there is a want of mutuality.[1] With this bed-rock principle in mind, the Congress undertook to regulate the method of accounting with a taxpayer as to income derived from the operations of a partnership. The firm, as an entity, is required to make a return but is not required to pay the tax. In this respect it has an advantage over a corporation.

Individuals carrying on business in partnership are liable for income tax only in their individual capacity. Each partner, in computing his net income, shall include in

[1] 57 C. J., p. 454, Sec. 105, et seq., Mintz v. Tri-County Natural Gas Co., 259 Pa. 477, 103 A. 285; Boehm v. United States, 20 Ct.Cl. 142.

his individual return his distributive share, whether distributed or not, of the net income of the partnership for the taxable year. The net income of the partnership shall be computed in the same manner and on the same basis as in the case of an individual. A partnership is not a taxable entity for income tax payment, but it is an entity for the purpose of computing the income upon which the partners individually are taxable.[2]

The inference is clear that Congress did not intend that income from a partnership should retain in the individual partner's return the same characteristics which it had in the partnership, except as specially provided in Sections 184, 185, and 186 of said Revenue Act of 1936, 26 U.S.C.A.Int.Rev. Code, §§ 184–186, which special provisions negative any other exceptions.[3] The distributive share which the individual partner is required to include in his return may result from the computation of separate items of gain or loss, but is distinct from those items and has a separate identity. It is reported as a separate item in the partner's return just as the shareholder reports a corporate dividend. The complications of any other method of accounting are apparent.

An identical question of statutory construction was presented to the court in Johnston v. Commissioner, supra, the only difference being that this case involves Section 23(g), which relates to wagering losses, while the Johnston case involved Section 23(r), which limited the deduction of losses sustained on the sale of noncapital assets in relation to the gains from such sales. It is true, there was a dissent in that case, and the majority opinion here follows in principle the reasoning of that dissent, though this is a weaker case for the application of the principle, as a gambling partnership is not entitled to legislative encouragement as is a legitimate business. See also, to the same effect as the majority ruled in the Johnston case, Klingenstein v. United States, Ct.Cl., 18 F.Supp. 1015, certiorari denied, 302 U.S. 716, 58 S. Ct. 37, 82 L.Ed. 553.

In the Revenue Act of 1938, Section 182, 26 U.S.C.A.Int.Rev.Code, § 182, was amended for the specific purpose of allowing the segregation of short-time gains or losses in the partnership return, and the retention of such status for use by the partner in his individual return. In its report, the committee noted that the proposed change involved a departure from the general rule.[4] Since no such change or departure from the general rule was made by the Congress with reference to the statute limiting the deduction of wagering losses, the reasonable conclusion is that there was no intention to depart from the general rule where gambling gains, or losses resulted from partnership operations. While, as we have seen, some exceptions were expressly made with reference to partnership items retaining their original characteristics in the partners' individual returns, it is undisputed that no such exception was expressly made which involved gains or losses from gambling operations; and I think none should be implied.

---

[2] Sections 23, 181, 182, and 183 of the Revenue Act of 1936, ch. 690, 49 Stat. 1648; Johnston v. Commissioner, 2 Cir., 86 F.2d 732, certiorari denied, 301 U. S. 683, 57 S.Ct. 784, 81 L.Ed. 1341.

[3] Botany Mills v. United States, 278 U.S. 282, 289, 49 S.Ct. 129, 73 L.Ed. 379.

[4] H.Rep.No.1860, 75th Cong., 3rd Sess., pp. 42-43.