**JAMES E. EDWARDS FAMILY TRUST, by Helen V. EDWARDS, Fiduciary Trustee, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 82–093–JB.**

United States District Court, E.D. New Mexico.

Jan. 19, 1983.

---

Gloria T. Svanas, Odessa, Tex., Bruce Keith, Albuquerque, N.M., for plaintiff.

William Lutz, U.S. Atty., Don J. Svet, Asst. U.S. Atty., Albuquerque, N.M., Louise P. Hytken, Tax Atty., Dept. of Justice, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

BURCIAGA, District Judge.

THIS MATTER comes before the Court on defendant's motion for summary judgment. Having considered the authorities, the memoranda of the parties and the entire record, the Court concludes that the motion is well taken and should be granted.

This suit is an action under 26 U.S.C. § 7426(a) (1976) for relief from a wrongful levy by the Internal Revenue Service against four Savings Certificates purchased and held in the name of the James E. Edwards Family Trust. The suit is brought by Helen V. Edwards as fiduciary trustee of the James E. Edwards Family Trust. The Trust was established in November, 1976, in accordance with instructions and materials provided to James E. Edwards by an organization called "Estate Guardian Educational Trust" [EGET]. On the advice of EGET, the Trust was originally established with Dr. H.A. Stover and William Van Edwards as trustees. Dr. Stover had been the family physician for twenty-five years; William Van Edwards was the eighteen year old son of James E. Edwards and his wife, Helen V. Edwards. Helen V. Edwards was made a trustee on December 20, 1976. On March 12, 1977, James E. Edwards was made a trustee. On April 1, 1977, Dr. Stover resigned, leaving three trustees: Helen V. Edwards, James E. Edwards and William Van Edwards.

The corpus of the Trust consists, among other things, of the household furnishings of the Edwards, inclusive even of washcloths and bathmats, their real property and the lifetime services and the remuneration accruing therefrom of both Helen V. and James E. Edwards. Transfer to the Trust was accomplished by Mrs. Edwards conveying all of her interest in these items to her husband and his contemporaneous conveyance of all of his interest to the Trust.

Subsequent to the creation of the Trust, the Edwards family used the Trust assets as they had before. In deposition, both Mr. and Mrs. Edwards testified that they continued to use their residence and the household furnishings as they did prior to the creation of the Trust. Deposition of James Edwards at 20; Deposition of Helen Edwards at 4. Both Mr. and Mrs. Edwards

accepted positions working for the Trust and executed employment contracts whereby, in exchange for services, the Trust would provide housing, transportation, health care, educational allowances, miscellaneous expenses and remuneration. Neither Mr. nor Mrs. Edwards gave up their jobs in order to take on Trust duties. In fact, Mr. Edwards testified in his deposition that he did not assume responsibility for management of the Trust despite his contract providing that he would do so. Deposition of James Edwards at 30.

The fiduciary tax returns filed for the Trust indicate that deductions were taken, *inter alia,* for the salaries paid to the taxpayers, for the life and medical insurance maintained on the taxpayers, for the auto lease by which the family cars are leased to the Trust, for the college education expenses of the taxpayers' son (trustee education), for depreciation of the family residence and for utilities used at the family residence. This arrangement is a transparent attempt by the Edwards to transfer tax liability from themselves to the Trust where their consumptive expenses can be taken from pre-tax rather than post-tax dollars.

The tax returns of the Edwards were audited for the years 1976 through 1979. As a result of this audit, assessments were made against the Edwards. Although the plaintiff in this case asserts that the amount of the assessment is in issue, 26 U.S.C. § 7426(c) (1976) provides that in an action for wrongful levy "the assessment of tax upon which the interest or lien of the United States is based shall be conclusively presumed to be valid." *Id.* The only issue in the case, therefore, is whether it was wrongful for the government to levy against four Savings Certificates purchased and held in the name of the James E. Edwards Family Trust in order to satisfy the tax assessment against James E. and Helen V. Edwards.

Summary judgment is appropriate in this case. Although the memorandum of the plaintiff states that there are contested material facts, each claimed factual dispute is,

in fact, a dispute over the legal implications of undisputed facts. For example, plaintiff contends that there is a fact question with regard to whether the Savings Certificates were owned by the Trust. There is, however, no question that the Certificates were held in the name of the Trust. There is only the legal issue of whether the Trust is a separate legal entity for purposes of a government levy to collect taxes.

It is well established that the government may levy against only such property as is owned by the taxpayer and not against property owned by others. *United States v. Kaufman,* 267 U.S. 408, 45 S.Ct. 322, 69 L.Ed. 685 (1925); *In re Carlson,* 580 F.2d 1365 (10th Cir.1978). Generally, state law controls the determination of the nature and extent of the taxpayers' property interests in any given property. *United States v. Brosnan,* 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960); *In re Carlson, supra.* A court may, however, declare an entity a nullity for tax purposes where there is no economic reality to the entity:

> Technical considerations and legal niceties of the law of trusts which petitioners seek to hide behind will not obstruct our view when the sole purpose for this subterfuge is the avoidance of Federal income tax. To be sure, a taxpayer has the legal right to minimize his taxes or avoid them totally by any means which the law permits [cites omitted]. However, this right does not bestow upon the taxpayer the right to structure a paper entity to avoid tax when that entity does not stand on the solid foundation of economic reality. When the form of the transaction has not, in fact, altered any cognizable economic relationships, we will look through that form and apply the tax law according to the substance of the transaction.

*Markosian v. Commissioner,* 73 T.C. 1235, 1241 (1980). *See also Helvering v. Clifford,* 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788 (1940); *Morgan v. Commissioner,* 309 U.S. 78, 81, 60 S.Ct. 424, 426, 84 L.Ed. 585 (1940).

As in the case at bar, in *Markosian,* the petitioners transferred to a family trust all of their business and personal assets and their lifetime services. Despite the transfer, the family continued to use the home and personal assets as they had before the creation of the trust. The plaintiff seeks to distinguish *Markosian* on the basis that there was no adverse trustee in *Markosian,* whereas William Van Edwards, the son of the taxpayers, is an adverse trustee of the Edwards Family Trust, under 26 U.S.C. § 672(a) (1976). Even if William Van Edwards is an adverse trustee, this does not make the Trust valid for tax purposes. The terms of the Edwards Family Trust provide that trustees may act by majority vote. There are three trustees for the Edwards Family Trust. Therefore, the two taxpayers can override the vote of their son, even if he is characterized as an adverse trustee. Under 26 U.S.C. § 674 (1976), the grantor is to be treated as the owner of any portion of a trust in which the beneficial enjoyment of the corpus or the income is subject to a power of disposition without the approval of an adverse party. In addition, William Van Edwards is classed an adverse trustee by the plaintiff on the basis that he holds twenty units of beneficial interest in the Trust. It is clear, however, that such a holding is insufficient to make William V. Edwards an adverse trustee. The Minutes of the second meeting of the trustees provide that the "Beneficial Certificates convey *no* interest of any kind in the Trust Estate assets, nor *any* undivided interest therein." Although the holder of beneficial units is entitled to a *pro rata* share of any emoluments the Board of Trustees decides to distribute, the decision to distribute can be controlled by the taxpayers since they constitute a majority of the trustees.

Helen V. Edwards is not an adverse party to the grantor either. Although the taxpayers have attempted to make James Edwards the sole grantor of the Trust by having Helen Edwards convey all of her interest to her husband prior to his conveyance to the Trust, this is mere subterfuge without legal effect. Both Helen V. and James E. Edwards are grantors to the Trust. Under 26 U.S.C. § 677 (1976), the grantor is to be treated as the owner of any portion of a trust whose income may be distributed either to the grantor or the grantor's spouse without the approval of an adverse party. The provisions of § 677 have prevented the grantor's spouse from being treated as an adverse party where this type of trust is at issue. *Vercio v. Commissioner,* 73 T.C. 1246 (1980).

Under the rules relating to the anticipatory assignment of income and to grantor trusts, the James E. Edwards Family Trust cannot be used as a shelter for tax purposes. The assignment to the Trust of the exclusive use of the taxpayer's lifetime services and all resultant earned remuneration is an anticipatory assignment of income taxable to the taxpayer. *Horvat v. Commissioner,* 671 F.2d 990, 991 (7th Cir. 1982). The transfer of income-producing assets to the Trust is likewise a nullity for tax purposes. As is discussed above, insufficient control is relinquished by the taxpayer-grantor to make the Trust a successful shield for the taxpayer. *See Schulz v. Commissioner,* 686 F.2d 490, 82 U.S.T.C. ¶ 9485 (7th Cir.1982). Under 26 U.S.C. §§ 674 and 677 (1976), the grantors are to be taxed as the owners of the Trust assets since they enjoy the power of disposition over the Trust without any approval or consent of an adverse party being required. Because the Trust is a nullity and sham for tax purposes, property held in the name of the Trust is not shielded from levy by the government.

Wherefore,

IT IS ORDERED, ADJUDGED AND DECREED that defendant's motion for summary judgment is granted, and plaintiff's complaint is hereby dismissed.