UNITED STATES of America, Plaintiff,

v.

V & E ENGINEERING & CONSTRUCTION CO., INC. Jorge Luis Berrios; Aida L. Cruz-Declet; The Bank of San Juan and the conjugal partnership formed by Jorge Luis Berrios and his wife Aida L. Cruz-Declet, Defendants.

Civ. No. 85–0151CC.

United States District Court,
D. Puerto Rico.

April 24, 1986.

Daniel F. López-Romo, U.S. Atty., José M. Pizarro-Zayas, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff; William J. Dean, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., of counsel.

José Manuel Ramos, Ramos & Latoni, Bayamón, P.R., for defendants Berrios and Cruz-Declet.

## OPINION AND ORDER

CEREZO, District Judge.

This is an action filed pursuant to sections 7401 and 7403 of the Internal Revenue Code of 1954, as amended, to foreclose tax liens in favor of the United States against taxpayer V & E Engineering & Construction Co., Inc. and upon the property now owned by codefendants Jorge Luis Berrios and Aida L. Cruz-Declet. This Court has jurisdiction pursuant to 28 U.S.C. sections 1340 and 1345 and 26 U.S.C. section 7402. Presently before the Court are the United States' Motion for Entry of Judgment by Default against the defendant taxpayer, codefendants Jorge Luis Berrios and Aida L. Cruz-Declet's Motion for Summary Judgment and the United States' Cross-Motion for Summary Judgment.[1] All material facts are undisputed. They are as follows:

### FACTS

1. On September 1, 1978 a delegate of the Secretary of the Treasury of the United States lawfully assessed V & E Engineering & Construction Company, Inc. (V & E) $870.06 for its failure to pay withholding taxes for the second quarter of 1978.

---

1. The United States has requested cross-motion for summary judgment also as to codefendant Bank of San Juan. Nevertheless, the cross-motion for summary judgment filed on June 19, 1985 was not properly served on this defendant who has not made any appearance in this case.

This opinion and the judgment following it are therefore limited to defendants V & E Engineering & Construction Co., Inc., Jorge Luis Berrios and Aida L. Cruz-Declet and their conjugal partnership.

2. On June 18, 1979, a delegate of the Secretary of the Treasury lawfully assessed V & E $8,829.25 for its failure to pay withholding taxes for the first quarter of 1979.

3. On October 29, 1979, a delegate of the Secretary of the Treasury of the United States lawfully assessed V & E $3,241.22 for its failure to pay withholding taxes for the second quarter of 1979.

4. During this period of time V & E was the owner of the following property:

"URBANA: Parcela Dos. Parcela de terreno antes denominada para uso público radicado en el barrio Sabana Abajo de Carolina, con una cabida superficial de 3,481.00 metros cuadrados equivalentes a 0.89 cuerdas y en lindes por el Norte, en un total de 59 metros con la Calle 47 de la Urb. Villa Fontana, por el Sur, en una distancia total de 59 metros con una franja verde y por el parque pasivo # 3 de la Urb. Villa Fontana, por el Este, en una distancia total de 59 metros con una franja verde de la Urb. Villa Fontana y por el Oeste, en una distancia total de 59 metros con un área dedicada a parque activo en la Urb. Villa Fontana."

5. On April 22, 1980 V & E Engineering & Construction Co., Inc. mortgaged the property described in the above paragraph to Banco de San Juan to guarantee the repayment of a promissory note in the amount of $25,000.00.

6. On May 2, 1980 V & E Engineering & Construction Co., Inc. executed a purchase-sale agreement whereby it sold the property to codefendants Jorge Luis Berrios and his wife Aida L. Cruz-Declet.

7. For reasons unknown to codefendants Berrios and Cruz-Declet, neither the mortgage deed nor the deed of sale were presented to the corresponding Registry of Deeds until April 6, 1982.

8. Meanwhile, the United States had filed with the corresponding Registry of the Property a Notice of Federal Tax Lien against the property described in paragraph 4 relating to the assessments referred to in paragraphs 1 through 3, above.

9. Additional assessments had been made on August 27, 1980 against V & E in the amounts of $4,294.56 and $7,022.45 for its failure to pay withholding taxes for the third and fourth quarter of 1979 and a Notice of Federal Tax Lien regarding those assessments had been filed by the United States against said property on September 16, 1980.

10. The deed of sale in favor of codefendants Berrios and Cruz-Declet as well as the mortgage in favor of codefendant Banco de San Juan were finally recorded on April 25, 1982.

11. This action was filed on January 22, 1985. The default of defendant V & E Engineering & Construction Company, Inc. was entered by the Clerk of this Court on February 3, 1986.

## CONCLUSIONS OF LAW

Defendants Jorge Luis Berrios and Aida L. Cruz-Declet contend that, pursuant to section 6323 of the Internal Revenue Code of 1954, as amended, the federal tax liens on the property which they bought from V & E Engineering & Construction Co., Inc. should not be valid against them since, at the time they acquired the property, the notices of liens had not been filed with the Registry of the Property and they had no notice of any tax liens on the property. They also argue that at the time the United States filed the notices of liens with the corresponding Registry, V & E Engineering & Construction Co., Inc. was no longer the owner of that property and that, pursuant to judicial interpretation of local law, the United States may not claim the protection of article 105 of the Puerto Rico Mortgage Law of 1979, 30 LPRA section 2355.[2] See *Segarra v. Vda. de Lloréns*, 99 DPR 60 (1970). The United States claims that these defendants are not "purchasers," within the meaning of section 6323, since

2. Article 105 protects a third party who in good faith and for consideration acquires a right from a person who according to the Registry of the Property has the power to convey it, by sustaining the third party in his acquisition, once he has recorded his title.

their interest in the property would not be valid, under local law, against a subsequent purchaser without actual notice of defendants' interest. See subsection (h)(6), section 6323 Internal Revenue Code of 1954, as amended. It contends that under the laws of the Commonwealth of Puerto Rico these defendants could defeat a subsequent "bona fide" purchaser only if they recorded their interest before the subsequent purchaser recorded his interest or if the subsequent purchaser had actual notice of the prior conveyance. Defendants argue, however, that section 6323 does not provide that to be "purchasers" within the meaning of that section their interest must be valid "against a *registered* subsequent purchaser" and that their interest in the property would still be valid against a subsequent purchaser who does not record his interest. (Emphasis supplied.) They cite Article 1362 of the Civil Code of Puerto Rico, 1930 ed., 31 LPRA section 3822, which provides:

If the same thing should have been sold to different vendees, the ownership shall be transferred to the person who may have first taken possession thereof in good faith, if it should be personal property.

Should it be real property, it shall belong to the person acquiring it who first recorded it in the registry.

Should there be no entry, the property shall belong to the person who first took possession of it in good faith, and, in the absence thereof, to the person who presents the oldest title, provided there is good faith.

■ Defendants' argument that section 6323 is not drafted in terms of *a* subsequent purchaser who records his title is untenable. Section 6323 provides that for a person to be considered a "purchaser" for purposes of that section, his or her interest must be valid under local law against subsequent purchaser*s*, including a purchaser who has recorded his title. A person is not a purchaser within the meaning of that section merely because there is a class of subsequent purchasers against whom he or she might prevail, if there is

another class of subsequent purchasers with superior interests. Defendants' situation is such. Article 1362 of the Civil Code of Puerto Rico resolves the dispute between different purchasers of the same property in favor of the one that first records his title. Only when none of the purchasers records his title does the law favor the one who first took possession of the property. Since codefendants did not record their title until almost two years after they acquired it, a subsequent purchaser who did record his title prior to them would prevail and, pursuant to local law, codefendants' title would be invalid as to this subsequent purchaser. It must be concluded, therefore, that codefendants Jorge Luis Berrios and Aida L. Cruz-Declet are not purchasers exempted by section 6323 of the Internal Revenue Code from the effect of a federal tax lien rightfully imposed upon property belonging to the taxpayer and as to which a notice of lien has been duly filed.

This notwithstanding, section 6321 of the Internal Revenue Code provides that "[i]f any person liable to pay any taxes neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property whether real or personal, belonging to such person." The accepted interpretation of this statute is that the federal tax liens attach to property belonging to the person owing the tax and does not extend to the property of others. See *Matter of Carlson*, 580 F.2d 1365, 1369 (10th Cir.1978) (citing *United States v. Kaufman*, 267 U.S. 408 (1925) at p. 414, 45 S.Ct. 322 at p. 324, 69 L.Ed. 685. Thus "[t]he threshold question ... in all cases where the Federal Government asserts its tax lien, is whether and to what extent the taxpayer had 'property' or 'rights to property' to which the tax lien could attach." *Aquilino v. United States*, 363 U.S. 509, 512, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960). In answering that question, we must look to state law which defines the nature of the taxpayer's interest in the property. *Id.*, 363 U.S. at 513, 80 S.Ct. at 1280. Furthermore, the lien attaches to

property belonging to the taxpayer at the time of the assessment or thereafter. See section 6322, Internal Revenue Code, *Glass City Bank v. United States,* 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945). Property which has been transferred under state law does not belong to the taxpayer and is not subject to the federal tax lien. See *St. Louis Union Trust Co. v. United States,* 617 F.2d 1293, 1301 (8th Cir.1980).

Although, as previously stated, the law in Puerto Rico would favor a purchaser who recorded his title over another purchaser of the same property who did not do so, registration is not necessary to validate a transfer of real property between the parties to a sales-purchase agreement. As to such parties, the sale is perfected when there is a meeting of minds as to the thing which is the subject of the contract and as to its price. See Article 1339, Civil Code of Puerto Rico, 1930 ed., 31 LPRA section 3746. The presumption of title ownership established by section 2354, 30 LPRA, cited by the government, admits proof to the contrary. The deed of purchase and sale between the taxpayer and the codefendants rebuts this presumption. Although not recorded until April 6, 1982, absent fraud between the parties, the deed validly conveyed the property to codefendants Jorge Luis Berrios and Aida L. Cruz-Declet on May 2, 1980. The tax assessment made on August 27, 1980 could not be a lien upon this property which no longer belonged to the taxpayer. The notices of tax liens filed with the Registry of the Property could not change this extrinsic reality. It must be concluded, therefore, that the United States has a valid lien on codefendants' property only for taxes assessed and unpaid prior to May 2, 1980 and does not have a lien on this property for taxes assessed and unpaid thereafter.[3]

Accordingly, codefendants' motion for summary judgment is GRANTED as to the assessments made on August 27, 1980 and DENIED as to those made on September 1978, June and October 1979 and April 22, 1980 prior to the sale of the property to the codefendants. The United States' cross-motion for summary judgment is GRANTED as to the assessments made in 1978, 1979 and on April 22, 1980. Judgment by default shall be entered against defendant V & E Engineering & Construction Company, Inc. and in favor of the United States for the total sum of the assessments made, plus unassessed interest and statutory additions thereon according to law. Judgment shall be entered ordering codefendants Jorge Luis Berrios and Aida L. Cruz-Declet, owners of the property described in paragraph 4 of this Opinion and Order, to pay unto the United States the amounts due by taxpayer V & E Engineering & Construction Company, Inc. on the assessments made on September 1, 1978, June 18, 1979, October 29, 1979 and April 22, 1979 plus interest and statutory additions thereon according to law, and ordering further that upon their failure to pay these amounts the property described in paragraph 4 of this Opinion and Order shall be sold in public auction to satisfy this indebtedness. After satisfaction of all or part of the indebtedness owed to the United States secured by the property described herein, and upon the taxpayer's failure to satisfy the full amount of the judgment entered against it, the United States shall have a deficiency judgment against defendant V & E Engineering & Construction Company, Inc. for the unsatisfied amount.

SO ORDERED.

---

**3.** The government does not claim the protection of section 2355, 30 LPRA, and we think correctly so, since this protection is inapplicable to cautionary notices made in the Registry until the person in whose favor it is made acquires title and, in fact, records it. See *Segarra v. Vda. de Lloréns,* 101 DPR 731, 733 (1973).