In the Matter of Leopold ACKERMAN II, and Wilma Franco Ackerman, Bankrupts.

Lou SILVERSTEIN, Appellant,

v.

UNITED STATES of America et al., Appellees.

No. 23677.

United States Court of Appeals, Ninth Circuit.

April 8, 1970.

John F. Goodson (argued) of Goodson, Richmond & Rose, Phoenix, Ariz., for appellant.

Karl Schmeidler (argued), Atty., Johnnie M. Walters, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., Richard K. Burke, U. S. Atty., Richmond, Ajamie & Faye, Shimmel, Hill, Kleindienst & Bishop, Phoenix, Ariz., for appellees.

Before BARNES, ELY and HUF-STEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge.

This case is a companion of United States v. Overman (9th Cir.) 424 F.2d 1142. Both cases involve the creation and enforcement of federal tax liens upon community property to pay a husband's antenuptial tax debts. In this case the contest is between the United States and certain state creditors over the proceeds of sale of some Arizona community assets, rather than—as in *Overman*—among the United States, the taxpayer, and nondebtor parties having an interest in the Washington community property sought to be sold. The community property here involved had been transferred to the trustee in bankruptcy before sale and after adjudication of the spouses' voluntary petitions in bankruptcy.

Appellant Silverstein, a judgment creditor of the debtors Leopold and Wilma Ackerman, appeals from a district court order affirming a referee's order awarding to the United States the entire proceeds from the trustee's sale of certain community assets. He contends that (1) the federal tax lien could not have attached to the marital community, (2) if it could attach thereto, its attachment was confined to the husband's interest in the community, and (3) the United States should have been compelled to exhaust the noncommunity property before resorting to the community to satisfy its debt.

Leopold and his former wife, Leslie, were divorced in 1961. In 1962, after Leopold had married Wilma, the Internal Revenue Service levied assessments against Leopold and Leslie for deficiencies in their 1959 income tax. The Service filed a tax lien based on those assessments on August 3, 1965. On August 25 and 26, 1965, Silverstein levied a writ of garnishment on certain assets of Leopold's and Wilma's marital community, including a note and some common stock, the proceeds from the sale of which are the subject of this appeal. Another judgment creditor, Tryon, levied a writ of garnishment on the common stock in 1966.

In a contest among the United States, Silverstein, and Tyron over the distribution of the proceeds of the note and the stock following the bankruptcy trustee's sale of those assets, the referee decided that the Government's tax lien attached to the whole of the community property, that the Government's lien had priority over state creditors, and that equitable marshaling of assets was not required. The district court agreed.

In *Overman* we held that a husband's undivided one-half interest in Washington marital community is "property" or "rights to property" within the meaning of section 6321 of the Internal Revenue Code (26 U.S.C. § 6321) to which a federal tax lien, based on the husband's antenuptial tax liability, could attach. We also decided that the district court could, in its discretion, allow Government foreclosure of that lien during the life of the community even though, under state law, such

**1150**

foreclosure was not generally allowed a state creditor.

■ The community property law of Arizona does not differ materially from that of Washington. (Maricopa County v. Douglas (1949) 69 Ariz. 35, 208 P.2d 646.) In Arizona as in Washington, the husband and wife each have a vested, undivided one-half interest in the community. Each spouse may dispose of his interest by will. Either may convey his interest to the other during the existence of the community. (Oglesby v. Poage (1935) 45 Ariz. 23, 40 P. 2d 90; Ariz.Rev.Stat. § 14–203.) For federal income tax purposes, the husband and wife may each file a separate income tax return, reporting as his or her respective income one-half of the community income. (Goodell v. Koch (1930) 282 U.S. 118, 51 S.Ct. 62, 75 L.Ed. 247.) In Arizona as in Washington, the community is immune from the claims of general creditors of either spouse for his or her antenuptial debts (*e.g.*, Cosper v. Valley Bank (1925) 28 Ariz. 373, 237 P. 175), other than alimony and child support obligations arising from a prior marriage (Gardner v. Gardner (1964) 95 Ariz. 202, 388 P.2d 417).

■ As in *Overman*, the Government had a lien only on the taxpayer-husband's undivided one-half interest in the community; it had no lien on the wife's interest. And as we stated in *Overman*, the Government may not exceed the taxpayer's interest in enforcement of its lien. We must therefore delete the Government as a contestant to Wilma Ackerman's interest in the community and hold that the Government may not receive from its liens more than one half of the value of the community estate. There is, as yet, no final order of distribution of the assets of the bankrupts' estate, and we cannot therefore pass on the rights of the respective parties to particular assets in that estate.

■ Silverstein also argues that the bankruptcy court should have applied the equitable doctrine of marshaling to require the United States to satisfy its liens out of property separately owned by Mr. Ackerman. There is some dispute about the quick sale value of that property, but we need not resolve it. We hold that a junior lienholder cannot invoke the marshaling doctrine to prevent the United States from enforcing its tax liens against any property for which enforcement is authorized by the applicable federal statutes. A contrary holding would create a substantial burden, unauthorized by statute, upon the collection of federal revenue. (*See* Kovacs v. United States (9th Cir.) 355 F. 2d 349, cert. denied (1966) 384 U.S. 941, 86 S.Ct. 1460, 16 L.Ed.2d 539; United States v. Herman (2d Cir. 1962) 310 F. 2d 846, cert. denied sub nom. Harris v. United States (1963) 373 U.S. 903, 83 S.Ct. 1291, 10 L.Ed.2d 199; United States v. Cohen (S.D.Fla.1967) 271 F.Supp. 709, 717–719; *cf.* United States v. Stutsman County Implement Co. (8th Cir. 1960) 274 F.2d 733.)

Finally, Silverstein argues (albeit indirectly) that enforcement of the liens against the community property is prevented by United States v. Kaufman (1925) 267 U.S. 408, 45 S.Ct. 322, 69 L.Ed. 685. There the Court held that, in proceedings in bankruptcy against a partnership, the partnership assets must first be applied to the payment of the partnership debts; consequently, the United States was not entitled to any priority of payment out of such assets for the tax debt of an individual partner, except to the extent of the share of that partner, if any, in the surplus remaining after the payment of partnership debts. Since the Arizona marital community has been analogized to a partnership (Forsythe v. Paschal (1928) 34 Ariz. 380, 271 P. 865, 866), Silverstein argues that the community assets should first be applied to the creditors of the community (Tryon and himself). The United States must then wait to satisfy its separate debt out of whatever surplus remains.

■ While the argument has a certain logical appeal, the rule for part-

nerships is easily distinguishable from our situation. *Kaufman* very expressly relied on the Bankruptcy Act's recognition of the partnership as a separate entity for the purpose of establishing priorities. (267 U.S. at 411–412, 45 S. Ct. 322.) There is no such recognition in the Act of the marital community as an entity. Regardless of the community's status as an entity vel non under Arizona law (*see* Mortensen v. Knight (1956) 81 Ariz. 325, 305 P.2d 463), we decline to invoke an entity theory to defeat the Government's priority under the Act.

The order is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.