**Mildred BABB, Plaintiff-Appellant,**

**v.**

**Frank S. SCHMIDT, District Director of Internal Revenue and the United States of America, Defendants-Appellees.**

**No. 71-2621.**

United States Court of Appeals,
Ninth Circuit.

May 10, 1974.

Rehearing Denied Aug. 27, 1974.

Herbert S. Miller (argued), Schiff, Hirsch, Levine, Burk & Schreiber, Beverly Hills, Cal., for plaintiff-appellant.

Donald H. Olson, Washington, D. C. (argued), John M. Scott, Jr., Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., Martin N. Gelfand, U. S. Atty., Los Angeles, Cal., for defendants-appellees.

Before MERRILL, CARTER and SNEED, Circuit Judges.

## OPINION

MERRILL, Circuit Judge:

In 1959 Kroger Babb, now husband of the appellant, was assessed by the district director, pursuant to a decision of the Tax Court, for taxes, interest and penalties arising out of the 1944 and 1945 tax years. In 1961 appellant Mildred Babb and Kroger Babb were married. In 1970 the director served a levy upon certain bank accounts in California and Nevada, community property of these California citizens, for the purpose of obtaining partial satisfaction of the husband's premarital tax liabilities described above.

Plaintiff brought this action under 26 U.S.C. § 7426 for wrongful levy upon her community interest in the bank accounts. The district court granted summary judgment for the Government.

26 U.S.C. § 6321 creates "a lien in favor of the United States upon all property and rights to property * * * belonging to" a person who has neglected or refused to pay federal taxes for which he is liable. The issue presented here is whether this lien reaches a California wife's community one-half interest where the lien is for taxes owed by the husband before the marriage.

In Aquilino v. United States, 363 U.S. 509, 512–513, 80 S.Ct. 1277, 1280, 4 L. Ed.2d 1365 (1960), the Court stated:

"The threshold question in this case, as in all cases where the Federal Government asserts its tax lien, is whether and to what extent the taxpayer had 'property' or 'rights to property' to which the tax lien could attach. In answering that question, both federal and state courts must look to state law, for it has long been the rule that 'in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property . . . sought to be reached by the statute.' Morgan v. Commissioner, 309 U.S. 78, 82 [, 60 S. Ct. 424, 84 L.Ed. 585.] Thus, as we held only two Terms ago, Section 3670 [26 U.S.C. § 6321] 'creates no property rights but merely attaches consequences, federally defined, to rights created under state law . . . .' United States v. Bess, 357 U.S. 51, 55 [, 78 S.Ct. 1054, 2 L.Ed.2d 1135.]"

It is conceded that under California law the wife has a vested interest in her share of the community. Appellant contends that this being so, her husband cannot be said to have "property or rights to property" in that which is *her* property. She relies on United States v. Overman, 424 F.2d 1142, 1146 (9th Cir. 1970), and In re Ackerman, 424 F.2d 1148, 1150 (9th Cir. 1970), in both of which this court held that the Government's lien for the husband's premarital tax debt could not extend to the wife's half of the community estate.

State law, however, provides the basis for distinction. *Overman* dealt with Washington law, and *Ackerman* dealt with Arizona law, both of which deny

premarital creditors of the husband access to the wife's share of the community. California law is established to be otherwise. In Grolemund v. Cafferata, 17 Cal.2d 679, 111 P.2d 641, cert. denied, 314 U.S. 612, 62 S.Ct. 87, 86 L.Ed. 492 (1941), it was implied that a wife's community interest can be reached for satisfaction of the husband's premarital debts. That such has continued to be the law of the state was made clear in Weinberg v. Weinberg, 67 Cal.2d 557, 563–564, 63 Cal.Rptr. 13, 15, 432 P.2d 709, 711 (1967). There the California Supreme Court stated (citing *Grolemund*):

> "The policy of protecting the husband's creditors outweighs the policy of protecting family income even from premarital creditors of the husband. Community property is therefore available to such creditors."

The proposition is now generally recognized. *See, e. g.,* Marsh, Property Ownership During Marriage, in State Bar of California, 1 The California Family Lawyer § 4.36, at 134 (1962); H. Verral & A. Sammis, Cases and Materials on California Community Property 285 (1971) (*semble*).[1] The California Supreme Court in *Grolemund* expressly distinguished Washington law on matters of the liability of the community for the husband's debts, and declined to follow Washington precedents in this area. It said that the differences in result arise from the concept of "community debts" which California rejects but which is fundamental to the law of Washington

(and of Arizona).[2] *See also* Marsh, *supra* (contrasting with California law both Washington and Arizona in this regard).

Appellant seeks to reduce this rule of state law to something less than one of "property or rights to property," and to make of it no more than a rule regulating creditors' rights. She points to this language of our court in *Overman*:

> "Labels aside, state law regulating creditors' rights does not apply to the United States because the United States has not looked to state law to decide how to enforce federal tax liens * * *."

424 F.2d at 1146.

This language was directed to the contention of the taxpayer in *Overman* that the *husband's* share of the community could not be reached by the Government because, under Washington law, no part of the community could be reached for premarital debts of the husband. We held that notwithstanding this limitation on the rights of creditors generally, the husband's interest in the community did constitute "property and rights to property" reachable by the United States.

> "We agree with the Government that the right of the United States to enforce its liens on Washington community property does not depend on Washington law regulating the rights of creditors generally."

424 F.2d at 1145.

---

1. § 5117 of the California Civil Code exempts earnings of the wife from liability for any debts of the husband, except those contracted for necessities of life while husband and wife are living together. Appellant here makes no claim that the bank accounts involved represented her earnings.

2. The court stated:
   "The Washington statutes are based on the theory of tenancy by entireties, with its fundamental concept of 'community debts', and in that state the community property is not liable for the separate debts of the husband * * * but is liable only for so-called 'community debts'.

* * * But in California there is no like concept of 'community debts', though occasionally the courts in this state refer to such, overlooking the fact that the phrase is not appropriate to the California system. * * * [O]ur community system is based upon the principle that all debts which are not specifically made the obligation of the wife are grouped together as the obligations of the husband and the community property (with the single exception of the wife's earnings, which are exempted from certain types of debt * * *)."

17 Cal.2d at 688, 111 P.2d at 645.

The point appellant fails to recognize is that while creditors' rights can be less extensive than a debtor's property right (under state law there may be property rights that a creditor is not permitted to reach), they can hardly be more extensive. If California law makes the wife's share of the community property available to creditors of the husband, California law has by the same rule implicitly given the husband rights in that property sufficient to meet the requirements of 26 U.S.C. § 6321. Cancino v. United States, 451 F.2d 1028, 1033–1034, 196 Ct.Cl. 568 (1971), cert. denied, 408 U.S. 925, 92 S.Ct. 2504, 33 L.Ed.2d 337 (1972).

On appeal for the first time appellant contends that the applicable law may be different as to the Nevada bank account. This issue was not tendered to the district court and we decline to consider it here.

Judgment affirmed.