Decided September 11, 1987

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

| | | |
|---|---|---|
| EVELYN and PHILLIP DAVID, | ) | DCA 86-9018 |
| Plaintiffs, | ) | |
| vs. | ) | |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS and DR. EDMUND GRILEY, | ) | OPINION |
| Defendants. | ) | |

BEFORE: LAURETA, DUENAS[*] and NIELSEN,[**] District Judges

DUENAS: District Judge

COUNSEL:

FOR APPELLANTS

MR. RANDALL T. FENNELL
Attorney at Law
Pangelinan Building
P. O. Box 49
Saipan, CM 96950

FOR APPELLEES

MS. PATRICIA G. BEATLEY
Assistant Attorney General
5TH Floor, Nauru Building
Saipan, CM 96950

---

[*]The Honorable Cristobal C. Duenas, District Judge, District Court of Guam, sitting by designation.

[**]The Honorable Leland· C. Nielsen, Senior District Judge, U.S. District Court, Southern District of California, sitting by designation.

Plaintiffs-appellants, Evelyn and Phillip David, appeal from the trial court's order granting summary judgment in favor of defendant-appellee, Commonwealth of the Northern Mariana Islands (hereinafter "CNMI").

## STATEMENT OF THE CASE

### Facts

The Davids brought this action against the CNMI and Dr. Edmund Griley, alleging that in the course of performing surgery on Mrs. David, Dr. Griley negligently punctured Mrs. David's bladder. Mrs. David was first referred to Dr. Griley by a staff doctor at Dr. Torres Hospital, (hereinafter "Hospital") a hospital operated, managed, and controlled by the CNMI where she was operated on by Dr. Griley. Mrs. David was told that Dr. Griley was a specialist from Guam.

### Proceedings Below

The CNMI moved for summary judgement on the grounds that, since Dr. Griley is an independent contractor, the CNMI is immune from suit under 7 CMC §2202(a). In support of its motion the CNMI submitted a copy of Dr. Griley's contract, which showed that he was hired as an independent contractor. The CNMI also attached several affidavits which indicate that Dr. Griley is self-employed at Guam Polyclinic and all services performed by him at the Hospital are performed under the contract and that the Hospital deducts no taxes, social security, or insurance from Dr. Griley's pay. The CNMI

asserts that the Hospital exercises no control over the acts of Dr. Griley.

The Davids opposed the motion and submitted affidavits stating that they were under the impression that Dr. Griley was a Hospital employee and were never told he was an independent contractor. The Davids rely on the principle of apparent authority to argue that the Hospital was liable for the acts of Dr. Griley, whom the Hospital allegedly held out as their employee.

The trial court found that Dr. Griley is an independent contractor, and that the principle of apparent authority may not be applied to waive the sovereign immunity of the CNMI, which provides that it cannot be sued on the basis of its own laws without its consent. We regretfully affirm.

## ANALYSIS

An appellate court reviews the grant or denial of a motion for summary judgment de novo. <u>Fidelity Financial Corp. v. Federal Home Loan Bank</u>, 792 F.2d 1432, 1437 (9th Cir. 1986); <u>Lone Ranger Television v. Program Radio Corp.</u>, 740 F.2d 718, 720 (9th Cir. 1984). The Davids do not contest that Dr. Griley is in fact an independent contractor and not an employee of the Hospital. They contend, however, that the trial court erred as a matter of law in its construction of 7 CMC §2202 and its rejection of the theory of apparent authority.

The Davids argue that the trial court erred by not reading the term "employee" in §2202[1] to include those persons who would in other circumstances be deemed an employee for purposes of liability under the doctrine of apparent authority. The Davids also suggest that the CNMI was acting in a proprietary capacity, and therefore the doctrine of estoppel may be applied.

The CNMI argues that its sovereign immunity is not waived for acts of independent contractors. Sovereign immunity is not diminished by its operation of a hospital, and that since the governmental/proprietary distinction was not raised by the Davids below they may not press it here.[2]

With respect to the Davids' apparent authority and estoppel arguments, the CNMI argues that even if these principles apply, there is insufficient evidence presented to support a finding that Dr. Griley had apparent authority or that the CNMI can be estopped from asserting that Dr. Griley is not an employee.

### Sovereign Immunity of CNMI

The CNMI is generally protected from suits by the doctrine of sovereign immunity. The Covenant to Establish a Commonwealth of the Northern Mariana Islands, Section 103, grants the people of the Northern Mariana Islands the right to self-government. This provision was intended to affirm the sovereign immunity of the CNMI, in that it cannot be sued on the basis of its laws without its consent.[3]   See, Section

**161**

by Section Analysis of the Covenant to Establish a Commonwealth of the Northern Mariana Islands, Marianas Political Status Commission, February 15, 1975, at 11.

The CNMI has by statute waived its sovereign immunity in some circumstances. 7 CMC §2202 provides:

> The Commonwealth Government shall be liable in tort for damages arising from the negligent acts of employees of the Commonwealth acting within the scope of their office or employment, provided that
> (a) The Commonwealth and any employees engaged in the performance of service on behalf of the Commonwealth shall not be liable in a suit based on the performance of those services for more than $50,000 in an action for wrongful death and $100,000 in any other tort action . . . .

A court will not find a waiver of sovereign immunity unless waiver is express and there is a clear intention to waive governmental immunity. Lehman v. Nakshian, 453 U.S. 156, 160-61, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981); Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662, reh. denied, 416 U.S. 1000 (1974) (waiver by state of its protection under the Eleventh Amendment); Petty v. Tennessee-Missouri Bridge Co., 359 U.S. 275, 276, 79 S.Ct. 785, 31 L.Ed.2d 804 (1959). A statute which waives the government's immunity must be strictly construed in favor of the sovereign and "not enlarged beyond what the language requires." Ruckelshaus v. Sierra Club, 463 U.S. 680, 685, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983).

We must determine whether strict construction of 7 CMC §2202 precludes application of the doctrines of apparent authority or estoppel in order to find that Dr. Griley, although an independent contractor, nevertheless constitutes an employee for purposes of CNMI's liability under 7 CMC §2202.

## Apparent Authority

The general rule is that a principal is not liable for the tortious conduct of an independent contractor. See generally, Restatement Second of Agency §2, Comment b. (1958). There are specific exceptions to the rule.

The Davids argue that the principle found in the Restatement Second of Agency §267 should have been applied by the trial court which would then have compelled the finding that Dr. Griley is an employee within the meaning of §2202. Section 267 provides:

> One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such.

This section sets forth an exception to the general rule precluding liability for the acts of independent contractors.

Section 2202 does not contain language making the sovereign liable to the same extent as a private person in like circumstances would be. By comparing §2202 with its

predecessor statute, which provided that the CNMI be liable to the same extent as a private person, and which the court found to be virtually identical to the Federal Tort Claims Act, 28 USC §2674, the trial court held that the term "employee" in §2202 was not meant to include independent contractors.

It has been held under the Federal Tort Claims Act, 28 USC §2674, that the federal government may be liable for the acts of an independent contractor if a common law exception to the rule precluding liability applies. Slagle v. United States, 612 F.2 1157, 1162 (9th Cir. 1980). The trial court in the instant case, however, correctly distinguished cases under the Federal Tort Claims Act on the grounds that the language of that statute permits the federal government to be liable for torts to the same extent that a private person would be liable. Cf. Bramer v. United States, 595 F.2d 1141, 1144 n.8 (9th Cir. 1979); Slagle, supra, 612 F.2d at 1162 n. 6.

The trial court found that the enactment of §2202 "further limited the extent of governmental liability" than that found in the old statute because it deleted language making the government liable to the same extent that a private person would be liable. These findings are not disputed by the Davids, who simply contend that despite these findings the trial court should have found Dr. Griley to be within the terms of the statute by virtue of the doctrine of apparent authority.

164

Therefore, the court felt compelled by the rule requiring strict construction to find that an "employee" includes only those persons who are in fact employees, and not independent contractors who are regarded as employees for liability purposes only by virtue of a common law doctrine.

. Strict Construction of Statute

Statutes purporting to waive the government's sovereign immunity must be strictly construed since they are in derogation of the general common law rule of immunity. See generally, 3 Sutherland Construction §62.01 (Sands 4th Ed. 1986).

The trial court, following the Restatement, found that Dr. Griley is an independent contractor and not an employee because of the terms of his contract and because the CNMI exercises no control over the performance of Dr. Griley's duties.

We regretfully agree with the trial court's finding that strict construction of §2202 requires a conclusion that it apply only to employees and not independent contractors, and that theories of apparent authority or estoppel may not be applied against the CNMI to impose liability for the acts of an independent contractor. The theory of apparent authority urged by the Davids is a theory of vicarious liability which imposes on the principal liability for the acts of an

**165**

independent contractor. Application of the theory of apparent authority does not convert the legal status of an independent contractor to that of an employee.

A plain reading of §2202 indicates that sovereign immunity is waived only for those persons whose legal status is that of an employee. The Davids are asking the Court to read into §2202 a theory of vicarious liability that evidently was not intended by the legislature, the only entity with the power to waive the immunity of the sovereign. Absent any indication of legislative intent to include "apparent" employees within the scope of §2202, the statute cannot be read to apply to independent contractors by virtue of the principles of apparent authority or estoppel. We are bound by the language of the statute. <u>Ruckelshaus</u>, 463 U.S. at 685. The decision of the trial court is affirmed.

CRISTOBAL C. DUENAS, District Judge

ALFRED LAURETA, District Judge

LELAND C. NIELSEN, District Judge

166

[1]/ Section 2202 is set forth in more detail infra p.5.

[2]/ The CNMI is correct that since the governmental/proprietary distinction was not raised below, it need not be considered here unless the proper resolution of the question is beyond any doubt, Turner v. City of Memphis, 369 U.S. 350 (1962), or is required because injustice might otherwise result. Hormel v. Helvering, 312 U.S. 552 (1941); see also, Pegasus Fund, Inc. v. Laraneta, 617 F.2d 1335, 1342 (9th Cir. 1980); Babb v. Schmidt, 496 F.2d 957, 960 (9th Cir. 1974). Whether the operation of this hospital was a proprietary and not a governmental function depends on particular facts which, since the question was not raised below, were not developed below.

The Davids' estoppel argument on appeal rests entirely on this distinction. They concede that estoppel seldom may apply against a state, but argue that since the CNMI was here acting in a proprietary capacity it may be estopped from asserting that Dr. Griley is an independent contractor. From the record it appears that both the estoppel argument and the governmental/proprietary distinction are raised for the first time on appeal, and therefore are not properly before the Court.

[3]/ Section 103 came into full force and effect on January 9, 1978. See Proclamation No. 4534 of October 24, 1977, 42 Fed. Reg. 56593.