**Karleen B. MEDARIS,**
**Plaintiff–Appellee,**

v.

**UNITED STATES of America,**
**Defendant–Appellant.**

No. 88–1826.

United States Court of Appeals,
Fifth Circuit.

Oct. 2, 1989.

Gary R. Allen, Chief, William S. Rose, Jr., Asst. Atty. Gen., Doris D. Coles, William S. Estabrook, Appellate Section Tax

Div., Dept. of Justice, Washington, D.C., for U.S.

Karleen B. Medaris, Ft. Worth, Tex., pro se.

Before GARZA, REAVLEY and POLITZ, Circuit Judges.

REAVLEY, Circuit Judge:

The Internal Revenue Service (IRS) appeals from an order of the district court limiting the income upon which a tax lien may be levied to one half of that earned by the delinquent taxpayer as well as one half of that earned by the delinquent taxpayer's spouse. We agree with the IRS and extend the lien to all of the taxpayer's income.

Appellee Karleen Medaris is married to Michael Medaris. Michael has not filed income tax returns since 1981. The IRS notified Michael, but not Karleen, of its intent to levy because of unpaid taxes. The IRS then proceeded to levy upon all of Michael's income and upon one half of Karleen's income. Karleen claims that the IRS has the authority to levy only upon one half of Michael's earnings because Texas community property law provides that she has a present vested interest in the other one half. Karleen also contends that the IRS did not provide her with notice and demand as required by the Internal Revenue Code. 26 U.S.C. §§ 6303(a) & 6331(d). On the government's motion for summary judgment, the district court determined that one half of the earnings of both Karleen and Michael could be attached by the government to satisfy Michael's tax liability. In addition, the district court determined that Karleen was not entitled to notice under §§ 6303 and 6331 of the Code because she was not liable for the taxes.

The district court correctly held that one half of Karleen Medaris' earnings may be attached by the government. However, the district court erred in allowing the government to levy only upon one half of Michael Medaris' earnings.

## 1. Property Subject to Tax Lien

■ A lien for unpaid federal taxes attaches against "all property and rights to property ... belonging to" the person liable for the taxes. 26 U.S.C. § 6321. This provision, which defines broadly the property subject to attachment by the government for unpaid taxes, indicates "that Congress meant to reach every interest in property that a taxpayer might have." *United States v. National Bank of Commerce*, 472 U.S. 713, 720, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985). To determine the extent to which a taxpayer has an interest in property, state law is consulted. *Id.* at 722, 105 S.Ct. at 2925; *Broday v. United States*, 455 F.2d 1097, 1099 (5th Cir.1972). Once the extent of a taxpayer's legal interest in property is determined by state law, "the tax consequences thenceforth are dictated by federal law." *National Bank of Commerce*, 472 U.S. at 722, 105 S.Ct. at 2925.

### A. *Karleen's Income*

■ The district court correctly allowed the IRS to levy upon one half of Karleen's income to satisfy Michael's tax liability. Texas law provides that property acquired during marriage, other than by gift, devise, descent or personal injury recovery, is community property. Tex.Fam.Code Ann. § 5.01 (Vernon 1975). Each spouse has a one half interest in all community property. *Broday*, 455 F.2d at 1100–01. Michael, therefore, has a one half interest in Karleen's income.

■ There are limits to this interest, however, which have been imposed by statute. Specifically, a spouse's earnings, which are characterized as "sole management community property," *see* Tex.Fam. Code Ann. § 5.22(a)(1) (Vernon 1975), are exempt from the other spouse's creditors. *Id.* § 5.61(b)(2) (Vernon Supp.1989). This provision appears to remove Karleen's income from the reach of Michael's creditors. The Supreme Court, however, in interpreting § 6334(c) of the Internal Revenue

Code[1] has held that state law exemptions are not effective against the United States. *United States v. Mitchell,* 403 U.S. 190, 205, 91 S.Ct. 1763, 1771, 29 L.Ed.2d 406 (1971). Similarly, this court has held that where a married woman "has a vested interest in, and is the owner of, a half share of the community income" over which her husband has sole management and control, that one half interest may be seized to satisfy her tax liability despite state law to the contrary. *Broday,* 455 F.2d at 1100–01. Accordingly, because Michael has a one half interest in Karleen's income and because the exemption found in § 5.61(b)(2) of the Texas Family Code is ineffective against the federal government, the IRS is able to attach Karleen's income to the extent of Michael's interest in it.

### B. *Michael's Income*

■ We modify the order of the district court because it allows the IRS to attach only one half of Michael's earnings. In limiting the reach of the IRS, the district court relied heavily on two decisions of the Ninth Circuit, *United States v. Overman,* 424 F.2d 1142 (9th Cir.1970), and *In re Ackerman,* 424 F.2d 1148 (9th Cir.1970). These cases, construing Washington and Arizona community property law, are distinguishable from the present controversy and Texas law. In *Overman* and *Ackerman,* state law prevented premarital creditors of a husband from reaching any community property. *Id.* at 1150. Notwithstanding these state law provisions, the court concluded that the husbands had an undivided one half interest in the community property against which the government could assert its liens. The interest which the wives had in the community property, however, was not subject to the government's liens.

Two subsequent Ninth Circuit decisions, *United States v. Stonehill,* 702 F.2d 1288 (9th Cir.1983), *cert. denied,* 465 U.S. 1079,

104 S.Ct. 1440, 79 L.Ed.2d 761 (1984), and *Babb v. Schmidt,* 496 F.2d 957 (9th Cir. 1974), explain the limitations of *Overman* and *Ackerman.* In *Stonehill,* the court, construing Philippine law, allowed the government to attach *all* of the community property of married couples, including the wives'[2] vested one half interest, to satisfy tax liabilities incurred by the husbands. The court distinguished *Overman* and *Ackerman* from the controversy before it.

Thus, *Overman* and *Ackerman* extended the reach of premarital tax liens to half of the community property even when state law insulated the community property from premarital creditors generally. In the present case, in contrast, Philippine law (article 161) permits the liens to reach *all* of the conjugal property. Nothing in *Overman* or *Ackerman* reduces the reach of the tax liens below what local law permits.

*Stonehill,* 702 F.2d at 1298. *Overman* and *Ackerman,* therefore, may not be viewed as reducing the reach of the government below what state law allows to creditors generally.

In *Babb,* the court, construing California community property law, allowed the government to levy upon the wife's "vested interest in her share of the community" to satisfy her husband's premarital tax liabilities. *Babb,* 496 F.2d at 958. The court rejected the wife's argument that *Overman* and *Ackerman* prevented the government from reaching her one half of the community estate. *Id.* at 958–59. The court indicated that state law "provides the basis for distinction." *Id.* at 958. While Washington and Arizona law immunize the wife's share of the community from husband's premarital creditors, California law subjects the wife's share of the community to such claims.

Much like Philippine law in *Stonehill* and California law in *Babb,* Texas law provides

---

**1.** 26 U.S.C. § 6334(c) provides:
  Notwithstanding any other law of the United States ... no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a).

**2.** The wives were not subject to United States income tax because they were neither citizens nor residents of the United States.

that certain community property is subject to liabilities incurred by a spouse. *See* Tex.Fam.Code Ann. § 5.61 (Vernon 1975 & Supp.1989). Specifically, under Texas law Michael's income is classified as community property; his interest in it is such that he has "sole management, control, and disposition" over it, *id.* §§ 5.22(a)(1), 5.01(b) (Vernon 1975), and this sole management community property is "subject to the liabilities incurred by him ... before or during marriage," *id.* § 5.61(c). These sections of the Texas Family Code clearly establish that Michael has a property interest in his income and that this property is subject to all liabilities incurred by Michael.

The district court also concluded that the "state law identification of property that is subject to liabilities is irrelevant to a determination of property which is subject to a federal tax lien because federal law controls that determination." While we agree with this statement of the law, we fail to see how that statement prevents the government from attaching all of Michael's personal earnings. The Internal Revenue Code identifies that property upon which a lien may be imposed as "all property and rights to property ... belonging to" any person who has failed to pay taxes that are due. 26 U.S.C. § 6321. Property that is exempt from levy by the government is identified in § 6334 of the Code. No special exemption is provided for the earnings of a spouse in community property jurisdictions. Therefore, because Michael has a property interest in his income as determined by Texas law, the government may impose a lien on *all* of it pursuant to federal law. *See Broday*, 455 F.2d at 1101.

■ The IRS urges that the ability to enforce a federal tax lien should not be less than the ability of private creditors to collect on their debts. We agree. Placing the IRS in a position at least equal to that of private creditors is supported by *Stonehill* and *Babb*. Those cases hold that where state law (or foreign law, in the case of *Stonehill*) makes all of the community property available to satisfy the private debts of either spouse, the federal government, too, is able to look to the delinquent taxpayer's entire property to satisfy his tax obligations. *See Stonehill*, 702 F.2d at 1298–99; *Babb*, 496 F.2d at 960.

2. Notice

■ We agree with the district court's decision that the IRS was not required to give Karleen Medaris notice under §§ 6303(a) and 6331(d) of the Internal Revenue Code. As the district court stated, "[t]hese provisions only require the Government to provide notice to the person 'liable' for the payment of taxes." Because Karleen Medaris is not liable for the taxes, notice to her was not necessary under §§ 6303(a) and 6331(d) of the Internal Revenue Code.

The judgment is modified to extend the IRS lien to all of Michael Medaris' earnings.

AFFIRMED AS MODIFIED.