**Georgia CORT, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. C–91–4178–DLJ.

United States District Court, N.D. California.

Nov. 21, 1992.

Robert S. Albery of Gordon & Rees, San Francisco, CA, for plaintiff.

Thomas Moore, Asst. U.S. Atty., for defendant.

**ORDER**

JENSEN, District Judge.

On November 18, 1992 the Court heard plaintiff's motion for attorneys' fees. Robert S. Albery of Gordon & Rees appeared on behalf of plaintiff. Assistant United States Attorney Thomas Moore appeared on behalf of defendant. Having considered the papers submitted, the arguments of counsel, the applicable law, and the entire record herein, the Court DENIES plaintiff's motion for attorneys' fees.

**I. BACKGROUND**

This action concerns a non-debtor spouse whose state retirement fund was levied by the IRS because her husband owed back taxes. In August 1991, the Internal Revenue Service gave notice to plaintiff Georgia Cort's husband, Arnold Cort, that he owed approximately $122,000 in back taxes and fines. These alleged back taxes were the result of Arnold Cort's failure to report certain income on his 1986 income tax returns.

Having worked as a teacher for twenty-seven years in the California public school system, plaintiff was a beneficiary of a Cali-

fornia state public retirement fund. In attempting to collect back taxes allegedly owed by Arnold· Cort, the Internal Revenue Service ("IRS"), through the United States Attorney, filed a lien against the California State Teacher's Retirement Fund of Georgia Cort. Plaintiff has been estranged from her husband for many years and has received no income from him for at least the last ten years. Instead she relies on the retirement fund as her source of income. *See* Declaration of Georgia Cort, at 2.

As a result of the attempted levy, plaintiff filed an action in this Court for a Temporary Restraining Order ("TRO"). On November 26, 1991, this Court deferred the hearing on plaintiff's motion and the government agreed to forego pursuing its lien until such time as this Court determined whether the defendant was entitled to levy upon plaintiff's retirement benefits. The parties stipulated that plaintiff's scheduled hearing on the TRO be changed to a motion for summary judgment on the issue of whether the government was entitled to levy upon plaintiff's retirement benefits. This Court subsequently heard argument on plaintiff's summary judgment motion.

The Court did not rule on that motion as it became moot when Arnold Cort and the United States entered into a settlement agreement as to the IRS claim against Arnold Cort. Plaintiff now moves for the recovery of attorneys' fees and costs which were incurred in the prosecution of the underlying action as to the IRS levy.

## II. DISCUSSION

### A. *Legal Standard for Recovery of Attorneys' Fees Against the United States in a Tax Case*

U.S.Code Section 7430 of Title 26 ("Section 7430"), which governs the awarding of attorneys' fees and costs against the United States in a tax case, provides that:

(a) In General—In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for—
(2) reasonable litigation costs incurred in connection with such court proceeding.
(b) Limitations.—
(1) A judgment for reasonable litigation costs shall not be awarded under subsection (a) in any court proceeding unless the court determines that the prevailing party has exhausted the administrative remedies available to such a party within the Internal Revenue Service.
(c)(4)(A) The term "prevailing party" means any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)—
(i) which establishes that the position of the United States in the proceeding was not substantially justified,
(ii) which—
(II) has substantially prevailed with respect to the most significant issue or set of issues presented, and
(iii) which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of title 28, United States Code (as in effect on October 22, 1986) except to the extent differing procedures are established by rule of court and meets the requirements of section 2412(d)(2)(B) of such title 28 (as so in effect).

26 U.S.C. § 7430.

The Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B), provides that:

A party seeking an award of fees and other expenses shall within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows the party is a prevailing party and is eligible to receive an award under this subsection.... The party shall also allege that the position of the United States was not substantially justified.

28 U.S.C. § 2412(d)(1)(B).

### B. *Application*

Plaintiff claims that she is entitled to attorneys' fees and costs because the defendant was not "substantially justified" in levying plaintiff's retirement account and that there-

fore, this Court should adjudge plaintiff the "prevailing party" even though the Court never entered judgment in the underlying action. Plaintiff claims that defendant was not "substantially justified" because defendant had relied on California Civil Code § 5120.110(a) in levying on the community property of Arnold Cort which included an interest in plaintiff's retirement account. California Civil Code § 5120.110(a) provides that:

> Except as otherwise expressly prohibited by statute, the community property is liable for debts incurred by either spouse before or during marriage ... regardless of whether one or both spouses are parties to the debt.

Cal.Civ.Code 5120.110(a).

Plaintiff argues that California Code of Civil Procedure § 704.110(b) sets forth an exemption from levy against a community property asset which is a state retirement account, by providing that:

> All amounts held, controlled, or in the process of distribution by a public entity derived from contributions by the public entity or by an officer or employee of the public entity for public retirement benefit purposes, and all rights and benefits accrued or accruing to any persons under public retirement system, are exempt without making a claim.

Cal.Civ.Proc.Code 704.110(b).

Plaintiff argues that the defendant's ability to levy against plaintiff's retirement fund is derived from California law, and that therefore, the statutory exemption applied prohibiting defendant from levying on the retirement account. Since defendant levied the retirement account when it was prohibited from doing so, defendant was not substantially justified in its actions.

Furthermore, plaintiff requests that the Court adjudge her to be the prevailing party based on the fact that defendant was not substantially justified in levying on plaintiff's retirement account. Plaintiff requests that this Court not let the fact that there was a settlement of the underlying action deter it from pronouncing plaintiff as the prevailing party.

Defendant counters that plaintiff has not fulfilled the three requirements of section 7430 because she did not exhaust the administrative remedies and she was not the prevailing party since defendant was substantially justified in levying plaintiff's retirement fund. Section 7430 requires that the Court must decide whether or not a party has exhausted the administrative remedies before that party could be awarded fees. Defendant alleges that plaintiff failed to exhaust her administrative remedies before filing suit, in that plaintiff could have sought a review of its case before an IRS supervisor. Plaintiff argues that it initially sought a TRO because plaintiff had a very important financial interest in the retirement account. This issue does not need to be resolved, since the Court will find that plaintiff was not the prevailing party because defendant was substantially justified in levying the retirement account. Nonetheless, plaintiff does not appear to have satisfied the requirement that she exhaust her administrative remedies in order to be able to be awarded attorneys' fees under the statute.

As to the other requirements of section 7430, defendant argues that its actions were substantially justified and therefore plaintiff could not be the prevailing party. Under section 7430, a position is substantially justified if it has a reasonable basis in both law and fact. *See Timms v. United States*, 742 F.2d 489, 492 (9th Cir.1984) (EAJA case considering meaning of substantially justified). The government's position is not substantially justified where its position is not clearly reasonable, well founded in law and fact or solid, though not necessarily correct. *Kenagy v. United States*, 942 F.2d 459 (8th Cir. 1991); *Oliver v. United States*, 921 F.2d 916 (9th Cir.1990). Further, the plaintiff and not the United States has the burden of proving that the government's litigation position was not substantially justified. 26 U.S.C. § 7430(c)(4)(A)(i); *General Inv. Corp. v. United States*, 823 F.2d 337, 342 (9th Cir. 1987).

Defendant claims that plaintiff argues that the government's position was not substantially justified because the government levied on a retirement fund which under state law

was exempted from levy. However, defendant argues that plaintiff has incorrectly characterized the type of levy here in question, as the government under federal law moved to levy the retirement fund.

U.S.Code Section 6321 of Title 26 ("Section 6321") states that the amount of the delinquent taxpayer's liability "shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." The statute incorporates state law for the limited purpose of ascertaining whether or not the taxpayer's interest is "property" or "rights to property." *Aquilino v. United States,* 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). "If state law raises the taxpayer's interest to the status of property or rights to property, federal law will cause a lien to attach to that interest." *United States v. Overman,* 424 F.2d 1142, 1144 (9th Cir.1970). Under California Civil Code § 5120.110(a), the retirement fund would be community property and therefore Arnold Cort would have an interest in such property.

It is well settled law that where a taxpayer has an interest in property under state law, a state cannot exempt that property from a levy for federal taxes. *United States v. Mitchell,* 403 U.S. 190, 203, 91 S.Ct. 1763, 1771, 29 L.Ed.2d 406 (1971); *United States v. Rodgers,* 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983). A state rule of exemption is ineffective against a United States tax lien. *United States v. Heffron,* 158 F.2d 657 (9th Cir.1947), *cert. denied,* 331 U.S. 831, 67 S.Ct. 1510, 91 L.Ed. 1845. U.S.Code Section 6634(c) Title 26 ("Section 6634") of the IRS Code provides that "no property or rights to property shall be exempt from levy other than the property specifically made exempt from levy by subsection (a)." In *Mitchell,* the Supreme Court stated that the language of section 6634 "is specific and it is clear and there is no room in it for automatic exemption of property that happens to be exempt from state levy under state law." *Mitchell,* 403 U.S. at 203, 91 S.Ct. at 1771.

The exclusivity of section 6334 does not permit the California Code of Civil Procedure § 704.110(a) to exempt public retirement funds from the IRS levy. Since the

exemption from levy for public pensions is ineffective against federal tax levy, the levy properly attached Arnold Cort's community interest in his wife's pension. *United States v. Overman,* 424 F.2d at 1145; *In re Ackerman,* 424 F.2d 1148 (9th Cir.1970). Moreover, even if the Court were to find that the government position was not correct, it is the Court's opinion that the attempted levy had a reasonable basis in fact and law.

Therefore, the government's position was substantially justified and plaintiff was not the prevailing party. Since the plaintiff has failed to satisfy the three requirements of section 7430, plaintiff is not entitled to the award of attorneys' fees and costs.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's motion for attorneys' fees is DENIED.

2. The Clerk of the Court shall close the file for this case.

IT IS SO ORDERED.