**LOANSTAR MORTGAGEE SERVICES, LLC,**
Plaintiff,

v.

**Stephen K. BARKER, Defendant,**

and

**Melissa Barker, Defendant—Appellant,**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**United States Internal Revenue Service,**
Defendant—Appellee.

**No. 07–55240.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 6, 2008.*

Filed June 12, 2008.

James T. Lee, Esq., Law Offices of Bob Weiss Incorporated, Covina, CA, for Plaintiff.

R.App. P. 34(a)(2).

Kathleen E. Lyon, Esq., U.S. Department of Justice Tax Division/Appellate Section, Washington, DC, for Defendant–Appellee.

Before: THOMPSON, O'SCANNLAIN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Melissa Barker ("Ms. Barker") appeals the district court's summary judgment in favor of the Internal Revenue Service ("IRS"), wherein the district court found the IRS' claim to the property at issue in this case, the Calle Alondra Property, superior to Ms. Barker's claim, thus entitling the IRS to the full value of the funds in question. Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]

*The IRS's Claim Is Superior to Ms. Barker's Claim*

Ms. Barker filed a *lis pendens,* or Notice of Pendency of Action ("NPA"), with respect to the Calle Alondra Property on March 10, 2004. On May 12, 2004, the IRS recorded a Notice of Federal Tax Lien ("NFTL") which attached to "all property and rights to property, whether real or personal, belonging to [the debtor]," her spouse at the time, Stephen Barker. *See* 26 U.S.C. § 6321. The Calle Alondra property was subject to the NFTL. *See Drye v. United States,* 528 U.S. 49, 56, 120 S.Ct. 474, 145 L.Ed.2d 466 (1999); *Babb v. Schmidt,* 496 F.2d 957, 959 (9th Cir.1974) (noting the generally recognized rule that a wife's community property interest can be reached to satisfy the premarital debts of her husband). The Barker's divorce was final on April 29, 2004. On November 3, 2005, Ms. Barker obtained a judgment from a California state court adjudging, *inter alia,* that the Calle Alondra Property was community property and awarding her the entire community interest in that property.

Ms. Barker argues that because she filed her NPA prior to the IRS's filing of its NFTL, her claim on the Calle Alondra Property is superior. This argument fails because the IRS's lien was perfected, i.e. choate, first. *See United States v. Pioneer Am. Ins. Co.,* 374 U.S. 84, 87–88, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963). Federal law determines when a lien has become perfected. *Id.* at 88, 83 S.Ct. 1651. According to federal law, the moment the IRS recorded its NFTL, May 12, 2004, its interest in the Calle Alondra property was perfected. *See id.* Contrary to Ms. Barker's contention that her interest in the property was choate upon the filing of her NPA, the NPA was merely "a caveat of a more perfect lien to come." *United States v. Sec. Trust & Sav. Bank of San Diego,* 340 U.S. 47, 50, 71 S.Ct. 111, 95 L.Ed. 53 (1950) (internal citations omitted). Ms. Barker's interest was not actually choate until 2005 when there was a judicial determination both of the fact that she had a community interest in the Calle Alondra Property and of the specific value to which she was entitled.[2] *See United States ex*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. A district court's grant of summary judgment is reviewed de novo. *Qwest Commc'ns,*

*Inc. v. Berkeley,* 433 F.3d 1253, 1256 (9th Cir.2006).

2. To the extent that Ms. Barker is arguing that her 2005 judgment relates back to the date of her filing of the NPA based on Califor-

*rel. Consol. Elec. Distrib., Inc. v. J.D. Grainger Co., Inc.,* 945 F.2d 259, 263 (9th Cir.1991) ("In order to be 'choate,' a lien competing against a federal tax lien must be specific as to the identity of the lienor, the amount of the lien, and the identity of the property to which it attaches." (citing *United States v. City of New Britain,* 347 U.S. 81, 86, 74 S.Ct. 367, 98 L.Ed. 520 (1954))); *see also Sec. Trust,* 340 U.S. at 50, 71 S.Ct. 111.

Because Ms. Barker's lien did not become choate until after the IRS lien, we conclude there is no genuine dispute of any material issue of fact that the IRS lien is superior.

*Ms. Barker's Constructive Trust Argument*

Ms. Barker contends that the moment her then husband purchased the Calle Alondra Property, he committed fraud and thus the property should have been held in constructive trust for her. However, even if we were to find her constructive trust argument persuasive, such a trust would have been inchoate at the time the IRS filed its NFTL. *See Taylor Assocs. v. Diamant (In re Advent Mgmt. Corp.),* 178 B.R. 480, 488 (9th Cir. BAP 1995) ("A constructive trust is a remedy; as such, it is inchoate until its existence is established by court order.") (citing *Elliott v. Frontier Props. (In re Lewis W. Shurtleff, Inc.),* 778 F.2d 1416, 1419 (9th Cir.1985)); *see also Blachy v. Butcher,* 221 F.3d 896, 906 (6th Cir.2000). Thus, even if a constructive trust existed, the IRS's lien on the property was perfected first and, therefore, was superior.

nia Civil Procedure Code § 405.24, thus rendering her lien perfected prior to the IRS's May 12, 2004 recordation, her argument fails under federal law. *See Sec. Trust,* 340 U.S. at 50, 71 S.Ct. 111.

The district court's summary judgment in favor of the IRS is **AFFIRMED.**